**WEDBUSH, NOBLE, COOKE, INC.,**
**Plaintiffs-Appellees,**

v.

**SECURITIES AND EXCHANGE COM-**
**MISSION, Defendant-Appellant.**

**No. 83–6035.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 22, 1983.

Decided Aug. 30, 1983.

Dennis E. Kinnaird, Munger, Tolles & Ricker-Shauser, Los Angeles, Cal., for plaintiffs-appellees.

Richard M. Humes, S.E.C., Washington, D.C., Jeffrey Kob, Los Angeles, Cal., Robert D. LaFramenta, S.E.C., Los Angeles, Cal., for defendant-appellant.

Before HUG, TANG and NORRIS, Circuit Judges.

NORRIS, Circuit Judge.

### FACTS

Appellant Securities and Exchange Commission (SEC) is conducting a formal, administrative investigation of Wedbush, Noble, Cooke, Inc. (Wedbush), a registered securities brokerage firm with offices in Los Angeles and other western cities. The investigation concerns suspected violations of the anti-fraud and anti-manipulation provi-

sions of the securities laws by Wedbush and its customers.

The SEC had issued subpoenas to numerous witnesses whose testimony was sought in connection with its investigation. No notice of these subpoenas was given directly to Wedbush, the target of the investigation. The SEC contends that some of the third-party witnesses had requested confidentiality and that disclosure of these witnesses to the target would impair the effectiveness of the investigation.

Wedbush brought an action in the district court seeking an injunction against continuation of the investigation without notification to them of the third-parties subpoenaed by the SEC. The district court, relying primarily on the decision of this court in *Jerry T. O'Brien, Inc. v. S.E.C.*, 704 F.2d 1065 (9th Cir.1983), granted the injunctive relief requested. The court specifically found that the balance of hardships did not favor the SEC, that the public interest favored the injunction, and that the SEC did not have a strong likelihood of success on the merits, in view of the recent decision in *O'Brien, supra.*

The SEC filed a notice of appeal and now seeks an emergency stay of the district court's injunction pending its appeal.[1]

## DISCUSSION

It is clear that this court's decision in *O'Brien* is directly on point as to the target's right to receive notification of SEC investigative subpoenas issued to third parties. *Jerry T. O'Brien, Inc. v. S.E.C.*, 704 F.2d at 1068–69. The SEC attempts to avoid its impact in this case by arguing that *O'Brien* is not authoritative because its petition for rehearing has stayed the mandate

in that case pursuant to Fed.R.App.P. 41(a). We reject that argument.

The judgment of this court in *O'Brien* was entered on the court's docket on April 25, 1983 and the opinion was duly forwarded for publication. After receiving an extension of time the SEC filed a petition for rehearing and the mandate was stayed by the Clerk under Fed.R.App.P. 41(a).[2] It does not follow, however, that the judgment of the court in that case is without effect.

■ It is fundamental that the mere pendency of an appeal does not, in itself, disturb the finality of a judgment. *See Hovey v. McDonald,* 109 U.S. 150, 161, 3 S.Ct. 136, 143, 27 L.Ed. 888 (1883); 9 J. Moore, *Federal Practice* ¶ 208.03 at 1407–08. Similarly, the pendency of a petition for rehearing does not, in itself, destroy the finality of an appellate court's judgment. *See Deering Milliken, Inc. v. F.T.C.,* 647 F.2d 1124, 1128–29 (D.C.Cir.1978); *Amoco Oil Company v. Zarb,* 402 F.Supp. 1001, 1008 (D.D.C.1975). Thus, even though the mandate has not yet issued in *O'Brien,* the judgment filed by the panel in that case on April 25, 1983 is nevertheless final for such purposes as stare decisis, and full faith and credit, unless it is withdrawn by the court.

■ Accordingly, we find that the district court in this case correctly relied on *O'Brien* to conclude that Wedbush had demonstrated a likelihood of success on the merits for purposes of granting preliminary relief. For the same reasons we conclude that the SEC has not demonstrated a strong likelihood of success on the merits of its appeal. Finally, we do not find that the balance of hardships tips strongly in favor of the SEC or that the public interest requires granting a stay in this case. The

1. The emergency motion for stay was denied by way of an order which indicated that a statement of reasons would follow. This opinion explains our prior action.

2. It is not even clear that the filing of a motion for an extension of time to seek rehearing should have the effect of staying the mandate. *See United States v. Barela,* 571 F.2d 1108, 1110–15 (9th Cir.1978) (Ferguson, J., dissent-

ing); 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure* § 3987, p. 474 (1977). Nevertheless, it is the practice of the clerk of this court to withhold the mandate where a timely motion of this type is filed and granted. Such informal procedures illustrate the largely ministerial function of the mandate. *See* D. Knibb, *Federal Court of Appeals Manual* § 25.2, p. 274 (1981).

motion for a stay of the district court's injunction pending appeal is therefore denied. *See, e.g., Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 752–53 (9th Cir.1982).