## JUANITA GIBBONS, Plaintiff
## v.
## UNITED CORPORATION, Defendant

Civil No. 1154/1984

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

September 15, 1986

Mark L. Milligan, Esq., St. Croix, V.I., *for plaintiff*

Roland B. Scott, Jr., Esq., St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This matter came before the Court on plaintiff's (appellee) motion for an order requiring defendant (appellant) to post appeal and supersedeas bond. Also before the Court is defendant's motion for reduction of appeal bond. The key issue raised by plaintiff's motion is whether defendant is required to post a supersedeas bond in order to perfect its appeal, even though it has not requested a stay of judgment? The issue raised by defendant's motion is whether the appeal bond set is necessary to ensure costs on appeal? This Court responds in the negative to both questions.

## II. FACTS

This Court entered a judgment against defendant for $26,520.00 on May 19, 1986. Defendant filed a timely notice of appeal to the Appellate Division. Thereafter, this Court set an appeal bond in the amount of $26,000.00. Plaintiff then moved the Court to set an appeal and supersedeas bond in an amount of not less than $40,000.00. Plaintiff has not presented any evidence in support of her motion. Defendant opposed plaintiff's motion and moved the Court to reduce the appeal bond to $250.00. Defendant has not applied for a stay of this Court's judgment.

## III. DISCUSSION

A. *Posting of Supersedeas Bond*

Plaintiff relies on Rule 8 of the Federal Rules of Appellate Procedure in support of her motion to require defendant to post a supersedeas bond. That rule reads in part:

Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, . . . must ordinarily be made in the first instance in the district court . . . .

Fed. R. App. P. R. 8(a). As explained below, plaintiff's reliance on Rule 8 is misplaced.

■ The purpose of a supersedeas bond is to preserve the status quo and protect the appellee's right to judgment pending appeal. Poplar Grove, Etc. v. Bache Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979). If the appeal is unsuccessful, the appellee can satisfy the judgment out of the bond. The bond also covers damages resulting from the stay and costs of the appeal. Moore v. Townsend, 577 F.2d 424, 426 (7th Cir. 1978). The bond therefore serves a useful purpose only where judgment is stayed.

■ Defendant need not post a supersedeas bond to perfect its appeal. In re Sewanee Land, Coal and Cattle, Inc., 735 F.2d 1294, 1295 (11th Cir. 1984). Its appeal is perfected by filing a timely notice of appeal. Such filing "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopedic Surgeons, 105 S.Ct. 1327, 1331 (1985), and Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). However, mere pendency of the appeal does not affect the finality of the lower court's judgment. Wedbush, Noble, Cooke, Inc. v. S.E.C., 714 F.2d 923, 924 (9th Cir. 1983). Absent a stay, the lower court has jurisdiction to enforce its judgment during pendency of the appeal. Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, n.2 at 299 (5th Cir. 1984), and Matter of Combined Metals Reduction Co., 557 F.2d 179, 190 (9th Cir. 1977). Thus, defendant exposes itself to enforcement of this Court's judgment by failing to request a stay and post a supersedeas bond. Nevertheless, such failure does not strip defendant of its right to appeal. In re American President Lines, Inc., 779 F.2d 714, 718 (D.C. Cir. 1985), and Thibaut v. Ourso, 705 F.2d 118, 120 (5th Cir. 1983).

Rule 8 makes available to an appellant the benefit of a stay if he desires. If he chooses not to take advantage of it, he merely takes the risk of not getting his money back if judgment is reversed on appeal. The only command of Rule 8 is that relief, if desired, must first be sought in the lower court. It does not require an application for a stay as a precondition of appeal. Accordingly, plaintiff's

114

motion for an order requiring defendant to post a supersedeas bond will be denied.

### B. *Reduction of Appeal Bond*

██ Defendant's motion for reduction of the appeal bond is set based on Rule 7 of the Federal Rules of Appellate Procedure which reads in part:

> The district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case.

The costs referred to are the appellee's anticipated costs which may be taxed against an unsuccessful appellant. In re American President Lines, Inc., supra, at 716. These include docket fees, printing and copying costs (as provided in Appellate Rule 39(c)), and costs of transcripts. Rule 7 does not permit the setting of an appeal bond in an amount greater than that which is necessary to ensure plaintiff's estimated costs on appeal. No evidence is before the Court which contradicts defendant's allegation that plaintiff's estimated costs on appeal will not exceed $250.00. Accordingly, defendant's motion will be granted.

## IV. CONCLUSION

██ In sum, this Court finds that defendant is not required to post a supersedeas bond since it has not requested a stay of judgment. Additionally, an appeal bond in the amount of $250.00 is sufficient to ensure plaintiff's costs on appeal. Therefore, plaintiff's motion will be denied, and defendant's motion will be granted.

## ORDER

For the reasons stated in the accompanying memorandum filed on even date herewith, it is hereby

ORDERED that plaintiff's motion shall be and the same is hereby denied; and it is further

ORDERED that the appeal bond set be reduced to $250.00; and it is further

ORDERED that defendant be permitted to post Plot Nos. 121 and 122 of Estate Cain Carlton, Frederiksted, St. Croix, Virgin Islands as security for appeal costs.