**In re Nader MIRZAI, Debtor.**

**Hill & Sandford, LLP, Appellant,**

v.

**Nader Mirzai, Appellee.**

**BAP No. CC–98–1195–KJP.**
**Bankruptcy No. ND–93–11060–RR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 18, 1999.

Decided June 29, 1999.

Michael L. Sandford, Hill & Sandford, Santa Barbara, CA, for Hill & Sandford, LLP, for appellants.

Melbourne Weddle, Santa Barbara, CA, for Nader Mirzai, appellees.

Before: KLEIN, JONES and PERRIS, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

This is an appeal from a judgment entered in compliance with a prior bankruptcy appellate panel decision reversing a fee award. The appellant contends that the bankruptcy court did not have authority to enter judgment because there was then pending a timely appeal to the court of appeals from our prior panel's decision. We agree and REVERSE.

## FACTS

The facts present the obverse of our recent decision in *Marino v. Classic Auto Refinishing, Inc. (In re Marino),* 234 B.R. 767 (9th Cir. BAP 1999).

Appellant Hill & Sandford ("H & S") was awarded compensation for its chapter 11 representation of the debtor, Nader Mirzai, over Mirzai's objection. Mirzai appealed to the bankruptcy appellate panel.

Our panel reversed the fee award and remanded with instructions to deny all compensation and require that H & S disgorge all fees received. *In re Mirzai,* BAP No. CC–96–1708–OHV (unpublished memorandum decision filed December 24, 1997).

H & S appealed our decision to the court of appeals in a timely fashion. *In re Mirzai,* CA No. 98–55223. That appeal is still pending before the court of appeals.

The bankruptcy appellate panel's mandate issued as a matter of administrative routine because no stay of our determination had been obtained either from us or from the court of appeals.

Mirzai filed a motion asking the bankruptcy court to enter judgment on the strength of our mandate. The bankruptcy court granted the motion and entered judgment determining that H & S is entitled to no compensation and requiring disgorgement of compensation previously paid. The court reasoned that it should act because there had been no stay issued

pending appeal. H & S filed the instant appeal.

## DISCUSSION

The question of what a bankruptcy court may do while a bankruptcy appellate panel decision regarding one of its orders is on appeal to the court of appeals is analogous to what a district court may do while one of its orders is on appeal to the court of appeals. The difference is that in bankruptcy there are two layers of appeal as of right, rather than the single layer applicable to the orders of district courts.

### I

Although the precise problem of a remote appeal from a first appellate layer to a second appellate layer does not frequently arise in current federal practice, the hierarchical nature of the structure of the judicial system suggests that the operative principles should be the same regardless of how many layers are interposed.

We see no reason why the fact of the existence of two levels of courts junior to the court of appeals in bankruptcy should make any difference. Thus, if a district court would be forbidden to act because of an appeal pending before the court of appeals, then both the bankruptcy appellate panel and the bankruptcy court would be similarly constrained.

Accordingly, we look for guidance to the settled jurisprudence regarding the latitude afforded to district courts during the pendency of appeals.

### II

■ The principle that a timely notice of appeal immediately transfers jurisdiction to the appellate court is a judge-made doctrine that is designed to promote judicial economy and to avoid the confusion and ineptitude resulting when two courts are dealing with the same issue at the same time. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Marino*, 234

B.R. at 769; 20 James Wm. Moore et al., Moore's Federal Practice ¶ 303.32[1] (3rd ed. 1999) ("Moore's"). The trial court cannot take actions "over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58, 103 S.Ct. 400.

■ The focus is on whether the trial court is being asked to alter the status quo with respect to the appeal. Thus, a trial court cannot enter an order that supplements the order on appeal because such supplementation would change the status quo. *McClatchy Newspapers v. Central Valley Typographical Union*, 686 F.2d 731, 734–35 (9th Cir.1982).

■ The rule of exclusive appellate jurisdiction is not, however, absolute. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir.1983); 20 Moore's ¶ 303.32.[1]. The court can correct clerical errors, take steps to maintain the status quo, take steps that aid in the appeal, award attorney's fees, impose sanctions, and proceed with matters not involved in the appeal. *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir.1988); *Mastro v. Rigby (In re Imperial Real Estate Corp.)*, 234 B.R. 760, 762 (9th Cir. BAP 1999) (stay pending appeal); 20 Moore's ¶¶ 303.32[2][b].

■ The trial court can also enforce a judgment that has been neither superseded nor stayed, the rationale being that the "mere pendency of the appeal does not, in itself, disturb the finality of a judgment." *Wedbush, Noble, Cooke, Inc. v. SEC*, 714 F.2d 923, 924 (9th Cir.1983); 20 Moore's ¶ 303.32[2][b][vi].

### III

The bankruptcy court in the instant appeal entered a judgment on remand from this panel, which judgment was the opposite of that which had been entered in the first instance and appealed. This plainly changed the status quo.

The bankruptcy appellate panel's mandate operates as a relinquishment of juris-

diction. In the absence of a further timely appeal to the court of appeals, our relinquishment of jurisdiction would cause jurisdiction to revert to the bankruptcy court in circumstances in which the law of the case as established by us when we reversed the order would require a new judgment to be entered consistent with our decision.

Once there is a timely appeal taken to the court of appeals following our decision, then the doctrine of exclusive appellate jurisdiction, applied from the perspective of the court of appeals rather than the bankruptcy appellate panel, would once again pre-empt jurisdiction. Such pre-emption would of necessity encompass all junior tribunals—both the jurisdiction of the bankruptcy appellate panel (if it has not already relinquished jurisdiction by issue of a mandate) and of the bankruptcy court.

■ During the pendency of the appeal to the court of appeals, the bankruptcy court could do no more than what district courts can do pending appeal. Here, the judgment entered on remand changed the status quo notwithstanding that it faithfully implemented our decision. The status quo cannot be changed until after the court of appeals decides the appeal pending before it. *Marino*, 234 B.R. 767.

■ Applying the same principles, we have jurisdiction over the instant appeal, because our action is taken for the purpose of maintaining the initial status quo. *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922); *cf. Pyrodyne*, 847 F.2d at 1403; *McClatchy Newspapers*, 686 F.2d at 734–35.

Accordingly, the judgment of the bankruptcy court entered on remand from our prior decision is REVERSED.