MEMORANDUM *
Debtor-Appellant Martin M. Schultz appeals three separate orders that the district court issued in favor of Creditor-Appellee John F. Dunne, Jr.[1] In appeal No. 04-55346, the district court affirmed the bankruptcy court’s grant of Dunne’s motion for summary judgment on the validity and priority of his lien against Schultz. In appeal No. 04-55452, the district court dismissed Schultz’s interlocutory appeal of the bankruptcy court’s summary judgment order regarding Schultz’s state law claims. In appeal No. 04-55705, the district court affirmed the bankruptcy court’s decision to overrule Schultz’s objections to Dunne’s proofs of claim and allow the claims. We affirm the district court’s rulings in No. 04-55346 (summary judgment on validity of lien), No. 04-55452 (denial of interlocutory appeal), and No. 04-55705 (order overruling objections to proofs of claim). The facts and procedural history of these appeals are known to the parties, and are restated herein only as necessary.
We review de novo the district court’s decision on appeal from a bankruptcy court judgment. In re Mantz, 343 F.3d 1207, 1211 (9th Cir.2003). We also review de novo the bankruptcy court’s decision to grant summary judgment. Thrifty Oil Co. v. Bank of Am. Nat’l Trust and Sav. Ass’n, 322 F.3d 1039, 1046 (9th Cir.2003). We also review de novo whether the bank *655 ruptcy court possessed subject matter jurisdiction to enter a judgment. In re G.I. Industries, Inc., 204 F.3d 1276, 1279 (9th Cir.2000). Finally, we review de novo the district court’s ruling that the bankruptcy court’s summary judgment order is not an appealable, final order. In re Bonham, 229 F.3d 750, 761 (9th Cir.2000).

Appeal No. 01-5534.6

Schultz argues that the bankruptcy court lacked subject matter jurisdiction to hear Dunne’s claim regarding the validity and priority of his lien, and to order declaratory relief because no actual controversy existed between Dunne and Schultz. We disagree. Dunne and Schultz entered into a court-approved Fee Agreement whereby Dunne represented Schultz in a state court action, which resulted in a $10 million settlement award to Schultz. Schultz, however, failed to pay Dunne his contingency fee. The fee dispute satisfied the actual controversy requirement because it was a “ ‘substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.’ ” Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 671 (9th Cir.2004) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).
Under 28 U.S.C. § 157(b)(1), “[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 ... and may enter appropriate orders and judgments, subject to review under section 158 of this title.” Core proceedings include “determinations of the validity, extent, or priority of liens.” 28 U.S.C. § 157(b)(2)(E). Because Dunne sought to establish the validity and priority of his claim and lien rights, his claim falls squarely within the meaning of a core proceeding under 28 U.S.C. § 157(b)(2)(E). In these circumstances, the bankruptcy court had jurisdiction to hear and determine Dunne’s cross-claim and cross-motion for summary judgment.

Appeal No. 04-55452

Schultz next argues that the bankruptcy court’s grant of summary judgment on his state law claims was final and therefore appealable. The summary judgment order, however, addressed only one of the two issues presented in the adversary proceeding under Fed.R.Bankr.P. 3007 because it did not address Schultz’s objections to Dunne’s proofs of claim. Therefore, “[a]ppellate jurisdiction is lacking because the bankruptcy court’s order did not dispose of all of the issues in the adversary proceeding.” In the Matter of King City Transit Mix, Inc., 738 F.2d 1065, 1066 (9th Cir.1984). Accordingly, we affirm the district court’s decision to dismiss this interlocutory appeal.

Appeal No. 04-55705

Finally, Schultz argues that the bankruptcy court was divested of jurisdiction over Dunne’s proofs of claim and therefore erred when it overruled Schultz’s objections and allowed the proofs of claim. This argument is foreclosed by our determination that the bankruptcy court had jurisdiction to enter a declaratory judgment regarding Dunne’s hen rights and by the bankruptcy court’s failure to address Schultz’s objections to Dunne’s proofs of claim in its summary judgment ruling. Because the bankruptcy court did not alter the “status quo” of the two summary judgment orders that were pending on appeal, it retained jurisdiction over Dunne’s proofs of claims. In Re Mirzai, 236 B.R. 8, 10 (9th Cir.BAP1999).
Therefore, we AFFIRM the district court’s judgment in No. 04-55346, No. 04-55452, and No. 04-55705.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. This disposition addresses three appeals, Nos. 04-55346, 04-55452, and 04-55705. On its own motion, this court consolidated 04-55452 and 04-55705, and calendared them with the companion case 04-55346.