**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )   BAP No.   CC-16-1053-KuFKi
                                    )
YAN SUI,                            )   Bk. No.   8:11-bk-20448-CB
                                    )
              Debtor.               )
_____)
YAN SUI; PEI-YU YANG,               )
                                    )
              Appellants,           )
                                    )
v.                                  )   **MEMORANDUM**[*]
                                    )
RICHARD A. MARSHACK, Chapter 7)
Trustee,                            )
                                    )
              Appellee.             )
_____)

Submitted Without Oral Argument
on June 23, 2016

Filed – July 26, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:     Appellants Yan Sui and Pei-Yu Yang, pro se, on
                 brief; David Edward Hays and Chad V. Haes of
                 Marshack Hays LLP on brief for appellee Richard A.
                 Marshack, Chapter 7 Trustee.

Before: KURTZ, FARIS and KIRSCHER, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Chapter 7[1] debtor Yan Sui and his wife Pei-Yu Yang appeal, pro se, from the bankruptcy court's order authorizing the trustee Richard A. Marshack to offset against Yang's interest in the proceeds from the sale of the couple's residence $93,832.72 in contempt sanctions awarded in favor of the trustee and against Sui and Yang. The order also authorized the trustee to pay roughly $70,000 to Yang in full satisfaction of her claimed interest in the sale proceeds and further authorized the trustee to file a notice of acknowledgment of satisfaction of judgment reflecting Yang's "payment" of the sanctions award by way of the offset.

On appeal, Sui and Yang argue that the bankruptcy court lacked jurisdiction to enter the setoff order while their appeals from other, prior orders were pending. Sui and Yang's jurisdictional argument lacks merit. Even so, in one of their other appeals, the Panel has vacated the sanctions order on which the setoff order was based. Based thereon, we also must VACATE the setoff order, and we must REMAND for further proceedings.

**FACTS**

In July 2011, Sui filed a voluntary chapter 7 petition, and Marshack was appointed to serve as the chapter 7 trustee in Sui's bankruptcy case. In May 2013, Marshack obtained from the United States District Court for the Central District of California a

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

judgment avoiding Sui's fraudulent transfer to Yang of his interest in the couple's residence located in Costa Mesa, California. This judgment provided in relevant part that the avoidance resulted in the revesting of the residence in the names of both Sui and Yang as joint tenants. Yang appealed the fraudulent transfer avoidance judgment, but the Ninth Circuit Court of Appeals affirmed.[2]

In October 2014, Marshack obtained a second judgment, this one from the bankruptcy court. The bankruptcy court's judgment required Sui and Yang to turn over possession of the Costa Mesa residence to Marshack and authorized Marshack to sell the residence free and clear of all liens, claims and other interests, including Yang's joint tenancy interest. The order further provided that the trustee could divide the sale proceeds in accordance with § 363(j) and other applicable law.

In June 2015, the bankruptcy court entered an order authorizing Marshack to sell the Costa Mesa residence to third party EFK Properties, LLC. Among other things, the sale order specified as follows: "Neither Yan Sui nor Pei-yu Yang shall assert any lien, claim, or interest in the Property in violation of the free and clear provisions of this order. Any actions taken in violation of this order may be adjudicated to be contempt."

Sui and Yang appealed both the bankruptcy court judgment and

---

[2]We have exercised our discretion to take judicial notice of the contents of the district court's and the bankruptcy court's dockets and the imaged documents attached thereto. See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989).

the sale order to this Panel, which dismissed both appeals as moot. Sui and Yang then appealed the Panel's dismissals to the Ninth Circuit Court of Appeals, which appeals are still pending.

On November 5, 2015, the bankruptcy court entered an order holding Sui and Yang in contempt of court. As set forth in the contempt order, Sui and Yang had violated both the bankruptcy court's judgment and its sale order by interfering with Marshack's efforts to sell the Costa Mesa residence. The bankruptcy court awarded in favor of the trustee and against Sui and Yang, jointly and severally, civil contempt sanctions in the aggregate amount of $93,832.72.

This brings us to the motion from which this appeal arose. In December 2015, Marshack filed his motion seeking to setoff from Yang's share of the sale proceeds the $93,832.72 contempt sanction award. Marshack's motion also requested authorization to pay to Yang roughly $70,000 in full satisfaction of Yang's claimed interests in the sale proceeds and authorization for Marshack to file a notice acknowledging full satisfaction of judgment, reflecting Yang's "payment" of the sanctions award by way of the offset.

Sui and Yang filed a four-page opposition to the setoff motion. Sui and Yang noted that appeals were pending from all of the orders and judgments leading up to Marshack's setoff motion, including the bankruptcy court judgment, the sale order and the contempt order. Sui and Yang asserted that the bankruptcy court lacked jurisdiction to hear and decide Marshack's setoff motion while these appeals were pending.

At the hearing on the setoff motion, the bankruptcy court

4

granted all of the relief Marshack requested in his motion. On February 19, 2016, the bankruptcy court entered an order granting Marshack's motion in full, and Sui and Yang timely filed a notice of appeal.

Recently, the Panel issued a decision in Sui and Yang's appeal from the bankruptcy court's sanctions order (BAP No. CC-15-1352). In that decision, the Panel affirmed in part, reversed in part, and (most importantly for our purposes) vacated the sanctions order.

## JURISDICTION

Subject to the jurisdictional discussion set forth below, the bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court have jurisdiction to hear and decide Marshack's setoff motion while Sui and Yang's appeals from other, prior orders were pending?

2. Can the bankruptcy court's setoff order stand in light of the Panel's decision vacating the sanctions order?

## STANDARDS OF REVIEW

We review jurisdictional issues de novo. See Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1284 (9th Cir. 2013).

The issue presented here regarding the availability of setoff is a question of law. The resolution of this appeal merely requires us to identify and apply the the correct legal rule to the undisputed facts presented. We review questions of

5

law de novo.  Bechtold v. Gillespie (In re Gillespie), 516 B.R. 586, 590 (9th Cir. BAP 2014)

**DISCUSSION**

The only comprehensible argument that Sui and Yang raised in their appeal brief is jurisdictional.  Sui and Yang contend that the bankruptcy court lacked jurisdiction to hear and decide Marshack's setoff motion while their appeals from the bankruptcy court's other, prior orders were pending.  We disagree.

It generally is true that the filing of an appeal will divest the bankruptcy court of jurisdiction to hear and decide matters that will affect the order on appeal.  Hill & Sandford, LLP v. Mirzai (In re Mirzai), 236 B.R. 8, 10 (9th Cir. BAP 1999).  However, there are several exceptions to this rule.  Id.  One exception recognizes the trial court's continuing authority, while an appeal is pending and in the absence of a stay pending appeal, to issue orders enforcing a prior judgment or order.  Id. (citing Wedbush, Noble, Cooke, Inc. v. SEC, 714 F.2d 923, 924 (9th Cir. 1983)).  Another exception recognizes the trial court's continuing authority to "proceed with matters not involved in the appeal."  Id. (citing Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403 (9th Cir. 1988)).  This latter exception is particularly important in bankruptcy cases.  The rule divesting courts of jurisdiction during the pendency of an appeal must be applied with caution in the bankruptcy context because it is not practicable for all aspects of a bankruptcy case to come to a halt when an appeal is filed from a bankruptcy court ruling.  To hold otherwise would enable one recalcitrant party in interest to bring a bankruptcy case to a standstill by the simple expedient

6

of filing appeals from various bankruptcy court orders.

Here, no stay pending appeal had been granted, so the bankruptcy court had authority to enter the setoff order to effectuate and enforce the contempt order and the sale order. Absent a stay pending appeal, federal judgments are immediately enforceable. Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 190 (9th Cir. 1977).

Accordingly, we reject Sui and Yang's jurisdictional argument.

Sui and Yang's other complaints set forth in their appeal brief either make no sense or demonstrate a fundamental misunderstanding of how bankruptcy courts and federal appellate courts resolve matters before them. For instance, Sui and Yang complain that the bankruptcy court should not have affirmed its own order and should not have taken steps that might render Sui and Yang's other appeals moot. The bankruptcy court did not "affirm" any of its prior orders. It merely permitted Marshack to proceed with administration of the bankruptcy estate in accordance with the orders' terms. As for their mootness complaint, we express no opinion as to whether the bankruptcy court's setoff order might have rendered any of Sui and Yang's other, prior appeals moot, but we note that there is no rule generally prohibiting bankruptcy courts from taking subsequent actions that might render an appeal moot. In fact, appeals from bankruptcy court orders often become moot upon the occurrence of subsequent events, including further action by the bankruptcy court. See, e.g., Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.), 699 F.2d 963, 964 (9th Cir.

7

1983); <u>Bay Vista Apartments, LLC v. Fed. Nat'l Mortg. Ass'n (In re Bay Vista Apartments, LLC)</u>, 2011 WL 7145995, at *1 (Mem. Dec.) (9th Cir. BAP Dec. 19, 2011); <u>Omoto v. Ruggera (In re Omoto)</u>, 85 B.R. 98, 100 (9th Cir. BAP 1988).

Finally, Sui and Yang complain that the bankruptcy court should not have authorized Marshack to file the notice acknowledging satisfaction of the judgment unless and until Yang actually cashed the sale proceeds check Marshack sent to Yang pursuant to the setoff order. This complaint is premised on Sui and Yang's mistaken belief that there is some relationship between the notice of acknowledgment and **Marshack's** payment of sale proceeds to Yang. To the contrary, the notice of acknowledgment only concerned **Yang's** satisfaction of the sanctions award provided for in the bankruptcy court's contempt order. That satisfaction occurred as a result of the setoff the bankruptcy court authorized Marshack to make. Yang's cashing (or not cashing) of the sale proceeds check has no relevance to the setoff.

Notwithstanding Sui and Yang's failure to present a meritorious argument in their appeal brief, we nonetheless will vacate the bankruptcy court's setoff order. The Panel's recent decision vacating the bankruptcy court's sanctions order fatally undermines the setoff order because the relief granted in the setoff order was premised on the validity of the sanctions order. It is axiomatic that there can be no right of setoff unless there exist two valid offsetting debts. <u>See generally</u> <u>McDaniel v. City & Cty. of S.F.</u>, 259 Cal. App. 2d 356, 364-65 (1968) (describing when right of setoff arises under California law); <u>FDIC v.</u>

8

Mademoiselle of Cal., 379 F.2d 660, 663 (9th Cir. 1967) (describing same under federal common law).

Thus, we consider ourselves compelled to vacate and remand the setoff order so that the bankruptcy court, on remand, can take a fresh look at the setoff motion in light of the Panel's ruling on the sanctions order.

There is one other issue we need to address. Sui and Yang filed a motion in both this appeal and in the sanctions order appeal requesting that the Panel order Marshack to withdraw his filing of the notice acknowledging satisfaction of the sanctions award, which reflects Yang's "payment" of the sanctions award by way of the offset. According to Sui and Yang, the filed notice of acknowledgment might interfere with or hinder disposition of the sanctions order appeal, the setoff order appeal, or both. We will DENY this motion as unnecessary. The notice of acknowledgment has not, in fact, interfered with either appeal. Nor are we aware of any other grounds necessitating the withdrawal of the notice of acknowledgment. All the notice of acknowledgment currently does is give notice of the satisfaction of a vacated sanctions award. If, for whatever reason, either party on remand decides it is necessary to take action with respect to the notice of acknowledgment, they are free to revisit the issue with the bankruptcy court.

**CONCLUSION**

For the reasons set forth above, we conclude that the bankruptcy court had jurisdiction to hear and decide Marshack's setoff motion. However, the recent decision of the Panel vacating the bankruptcy court's sanctions order fatally

9

undermined the bankruptcy court's setoff order. Therefore, we also must VACATE the setoff order, and we REMAND for further proceedings.