In re Ralph F. DALESSIO and Susan L. Dalessio, Debtor(s).

Ralph F. DALESSIO and Susan L. Dalessio, Appellant(s),

v.

Alphonse PAUCHON, Norman A. Fowler, Adele Fowler, James H. Dixson, and Hamilton Mortgage Company, Inc., a California corporation, Appellee(s).

BAP No. EC 85–1055–AsVE.
BK No. 283–02189–W–11.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted July 24, 1986.

Decided June 15, 1987.

Ralph F. Dalessio, Vallejo, Cal., for appellant(s).

Reg J. Lormon, Lormon & Wolf, Santa Clara, Cal., for appellee(s).

Before ASHLAND, VOLINN and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtors appeal from an order entered on March 4, 1985 awarding payment of attorney's fees, costs, and late charges to a secured creditor.

We affirm in part and remand in part.

## STATEMENT OF FACTS

In June of 1982, the debtors borrowed $60,000 from Hamilton Mortgage Company, Inc. The promissory note was secured by a second trust deed on the debtors' residential property located in Benicia, California.

The debtors fell behind in their payments and Hamilton initiated a foreclosure proceeding. The foreclosure was stayed pursuant to 11 U.S.C. § 362 when the debtors filed their Chapter 11 petition on May 17, 1983.

The debtors' obligation to Hamilton called for monthly payments of $950. There was a late charge of 10% or $95 for payments made over 10 days after their due date. The promissory note provided: "If an action is instituted on this note, the undersigned promise to pay such sum as the court may adjudge as attorney's fees."

On July 11, 1983 Hamilton filed an adversary proceeding asking for relief from the stay, for sequestration of rents, for disposition of corporate debts/assets, for adequate protection, and for declaratory relief. A hearing was held on August 25, 1983 at which time the court entered an order that required the debtors to bring the note current by August 29, 1983 and list their home for sale by September 12, 1983. The court continued the trial to December 6, 1983. Prior to the trial the parties agreed to continue the hearing date so that the debtors could pursue two outstanding purchase offers. A stipulation was signed by the parties that would in effect require the debtors to maintain their payments to the first trust deed holder and to bring current the payments to Hamilton.

Shortly after the stipulation was entered into, the debtors filed their disclosure statement. Hamilton objected to it causing the debtors to file an amended statement.

At the hearing on November 13, 1984 the parties entered into an agreement that permitted the debtors to sell the real property. The court approved the agreement and authorized the sale. The property was sold for $149,000. Net equity for the debtors was about $50,000.

At this hearing, the attorney for Hamilton requested attorney's fees, late fees, and costs pursuant to the promissory note. The court ordered that $4,874.35 plus $1,045 was to be transferred from the escrow funds to the trust account of debtors' attorney until the court considered the request. The parties agreed that the court would render its opinion on this matter following submission of briefs by counsel for both sides.

On March 4, 1985 the court awarded Hamilton $4,874.35 for attorney's fees and costs and $1,045 for late charges.

## ISSUES

I. Whether the bankruptcy court abused its discretion in awarding $4,874.35 in attorney's fees to Hamilton Mortgage as an oversecured creditor.

II. Whether late charges and appraisal costs based on the underlying security agreement should be allowed under § 506(b).

## DISCUSSION

I. *Whether the bankruptcy court abused its discretion in awarding $4,874.35 in attorney's fees to Hamilton Mortgage as an oversecured creditor.*

Title 11 U.S.C. § 506(b) provides:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for un-

der the agreement under which such claim arose.

The legislative history sheds some light on the congressional intent. "Section 506(b) of the House amendment adopts language contained in the Senate amendment and rejects language contained in H.R. 8200 as passed by the House. If the security agreement between the parties provides for attorney's fees, it will be enforceable under title 11 notwithstanding contrary law...." 124 Cong.Rec.H. 11095 (daily ed. Sept. 28, 1978). *See also,* 124 Cong.Rec.S. 17411 (daily ed. Oct. 6, 1978).

The debtors argue that the money they paid for the foreclosure proceeding constituted the only appropriate fees as outlined in the promissory note and deed of trust which were held by Hamilton. The debtors also contend that the bankruptcy judge erred by awarding attorney's fees, costs, and late charges to Hamilton Mortgage's attorney under § 329(b). First, the bankruptcy court did not award attorney's fees under § 329. Second, § 329 only pertains to a debtor's transaction with his attorney.

■ Hamilton Mortgage argues that the bankruptcy judge does not have discretion to deny attorney's fees to an oversecured creditor when these fees were provided for in the underlying agreement. It cites *In re Carey,* 8 B.R. 1000 (Bankr.S.D.Cal.1981), for the proposition that the language of § 506(b) does not provide a judge with the discretion to deny fees to an oversecured creditor. We agree that when fees are provided for in the underlying agreement, and when the creditor is oversecured, allowance of the attorney's fees is mandatory. However, this allowance is limited by the reasonableness requirement in § 506(b). The purpose of the reasonableness limitation in § 506(b), as in other pre-bankruptcy obligations, is to prevent overreaching or collusive use of fee arrangements. *In re 268 Limited,* 789 F.2d 674 (9th Cir.1986). A court should not reward a creditor whose overly aggressive attorney harasses and opposes the debtor at every stage of the bankruptcy proceeding, nor should an oversecured creditor be given a blank check to incur fees and costs

which will automatically be reimbursed out of its collateral.

■ Section 506(b) requires that such fees and costs be "reasonable". Reasonableness embodies a range of human conduct. The key determinant is whether the creditor incurred expenses and fees that fall within the scope of the fees provision in the agreement, and took the kinds of actions that similarly situated creditors might reasonably conclude should be taken, or whether such actions and fees were so clearly outside the range as to be deemed unreasonable. The bankruptcy court should inquire whether, considering all relevant factors including duplication, the creditor reasonably believed that the services employed were necessary to protect his interests in the debtor's property. *In re Carey,* 8 B.R. 1000, 1004 (Bankr.S.D.Cal. 1981).

Hamilton Mortgage sought relief from the automatic stay two months after the debtors filed their Chapter 11 proceeding. The property had an appraisal of $165,000 that was less than two years old. The first trust deed secured an obligation in the amount of $33,000. Hamilton's obligation was in the amount of $60,000, which left $72,000 in indicated equity for the debtors. Hamilton Mortgage was adequately protected since the very beginning of this bankruptcy proceeding. In fact, this creditor was paid the entire principal amount of its loan, all of the accrued interest, pre-petition late charges, the amount advanced pre-petition on the first mortgage, and interest on that amount. The total paid to Hamilton was $76,785. When a secured creditor is adequately protected, attorneys for the secured creditor should not automatically be awarded fees, pursuant to § 506(b), for appearing on a motion for relief from stay to proceed with foreclosure.

■ The debtors allege that Hamilton Mortgage caused them to list their property for $15,000 less than its appraisal value by constantly pressuring and threatening them. That equity in the property could have gone to general unsecured creditors of this estate. An oversecured creditor should not be paid attorney's fees for un-

necessary or redundant tasks or for doing the very thing any creditor, unsecured as well as secured, is entitled to do under the Bankruptcy Code.

An examination of the application of attorney's fees reveals that an inordinate amount of time was spent on telephone calls. Over 23.7 hours of the total 46.3 hours billed were phone calls; at a rate of $100 per hour this totalled $2,370 or over 50% of the requested fees. The attorney applying for fees bears the burden of proving the reasonableness of those fees, which can only be done by presentation of carefully detailed applications and supporting documentation. *In re Meade Land & Development Co., Inc.*, 577 F.2d 858, 860 (3rd Cir.1978). In the fee application many entries are grouped together, allotting one hourly charge for the different services rendered. This makes it difficult to determine whether the time allotted for each entry was reasonable.

█ The bankruptcy court has broad discretion in determining the amount of attorney's fees, *In re Fitzsimmons*, 51 B.R. 600 (9th Cir.BAP 1985), and in reviewing the fees for a potential abuse of right. *In re Carey*, 8 B.R. 1000 (Bankr.S.D.Cal.1981). Such decisions will not be overturned on appeal unless an abuse of discretion or an erroneous application of the law can be shown. *In re Nucorp Energy Inc.*, 764 F.2d 655 (9th Cir.1985). Absent detailed findings of fact by the bankruptcy court it is difficult to determine which actions taken by the creditor's attorney were reasonable and whether an award of full payment of the fees was an abuse of discretion. As such, this must be remanded back to the bankruptcy court for further findings.

II. *Whether late charges and appraisal costs based on the underlying agreement should be allowed under § 506(b).*

█ The underlying security agreement provided for a 10% or $95 late charge. So long as the charge is reasonable and is provided for in the security agreement between the secured creditor and the debtor, then the charge should be allowed. This result is required by the plain language of § 506(b). *Mack Financial Corporation,*

789 F.2d 1083 (4th Cir.1986). It was appropriate to award the post-petition accruals to Hamilton under § 506(b).

The creditor obtained an appraisal for the purpose of protecting its security interest. A current valuation of the real property was necessary in order to assess whether its security interest was jeopardized. It appears that the creditor was acting reasonably in protecting its rights. The appraisal fee of $175 should be permitted under § 506(b).

## CONCLUSION

We affirm the bankruptcy court's allowance of the late charges and costs of appraisal. We nonetheless remand to allow the court to make further findings as to the reasonableness of the attorney's fees and for other considerations consistent with this opinion.

ELLIOTT, Bankruptcy Judge, dissenting:

I dissent.

As Judge Volinn stated in *In re Powerine Oil Co.*, 71 B.R. 767, 770 (9th Cir.BAP 1986):

A bankruptcy court's award of attorneys' fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law.

In a more recent case, *In re Film Ventures International*, 1987, 75 B.R. 250, the court stated:

However, it has long been held that the trial court is in the best position to resolve disputes over legal fees. *See Dickenson Industrial Site v. Cowan*, 309 U.S. 382, 389 [60 S.Ct. 595, 599, 84 L.Ed. 819] (1940); *Official Creditors' Committee of Fox Markets v. Ely*, 337 F.2d 461, 466 (9th Cir.1964). Thus, the standard of review is whether the court abused its discretion. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir.1985); *In re Wavelength, Inc.*, 61 B.R. 614, 621 (9th Cir.BAP 1986).

Although members of this Panel might have made a different allowance of attor-

ney's fees, I see no abuse of discretion in the bankruptcy judge's allowance of $4,874.35.

In addition, I disagree with the majority's conclusion that an oversecured creditor should not file relief from stay proceedings and that therefore attorney's fees incurred by the creditor are not "reasonable" within the meaning of 11 U.S.C. § 506(b).

An automatic stay under 11 U.S.C. § 362 is, in effect, a statutory injunction against foreclosure. If the debtor sued the creditor in state court to obtain injunctive relief against foreclosure, and obtained a temporary restraining order, surely the secured creditor would be entitled to recover his attorney's fees in responding to the lawsuit and in obtaining a dissolution of the stay against foreclosure.

I do not understand why the result should be different in bankruptcy. As stated by Judge Ayers in the *Matter of Bouquet Investments,* 32 B.R. 988, 990 (Bankr. C.D.Calif.1983):

> After all, the State of California provides a mechanism for creditors who want to liquidate their collateral when debtors default on their obligations. It cannot have been the purpose of Congress to establish the Bankruptcy Court as a federal court of review for the state law of creditors' rights.

The majority would impose a new, and I submit, unwarranted element into relief from stay litigation. If an oversecured creditor should not file a relief from stay motion, at least in the early stages of the case, a number of new issues are created. Among them: how much of an equity cushion is required, must the creditor wait until the equity cushion has eroded before seeking relief, and would this new rule apply where the secured creditor is an individual who relies on the income from the deed of trust for support as opposed to a financial institution, *In re Bouquet Investments, Id.*

I would follow the well reasoned decisions in *In re Carey,* 8 B.R. 1000 (Bankr.S. D.Calif.1981) and in *In re Brunel,* 54 B.R. 462 (Bankr.D.Colo.1985) holding that an oversecured creditor may recover reasonable attorney's fees.