**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   HI-16-1181-BTaL |
| 1910 PARTNERS, ) | Bk. No.   15-00009 |
| Debtor. ) | Adv. No.  15-90006 |
| 1910 PARTNERS, ) | |
| Appellant, ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ASSOCIATION OF APARTMENT ) OWNERS OF CANTERBURY PLACE, ) | |
| Appellee. ) | |

Argued and Submitted on October 26, 2017,
at Honolulu, Hawaii

Filed - December 8, 2017

Appeal from the United States Bankruptcy Court
for the District of Hawaii

Honorable Lloyd King, Bankruptcy Judge, Presiding

Appearances:     Chuck C. Choi of Choi & Ito argued for appellant, 1910 Partners; Jerrold K. Guben of O'Connor, Playdon & Guben LLP argued for appellee, Association of Apartment Owners of Canterbury Place.

Before:   BRAND, TAYLOR and LAFFERTY, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Chapter 11[2] debtor 1910 Partners appeals a judgment awarding the Association of Apartment Owners of Canterbury Place ("AOAO") its postpetition attorneys' fees and costs of $567,936.25. The fees and costs were awarded as a secured claim under § 506(b) and as an administrative expense priority claim under § 503(b)(4), to be paid in full, in cash, on the effective date of 1910 Partners' confirmed plan pursuant to § 1129(a)(9)(A). Because the bankruptcy court applied an incorrect standard of law and failed to provide sufficient due process, we VACATE the award of post-petition attorneys' fees and costs and REMAND.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Events prior to the instant bankruptcy case and related adversary proceeding**

AOAO is an association of owners of residences in Canterbury Place, a mixed use condominium project in Honolulu ("Building"). 1910 Partners is a limited partnership which owns the five ground floor commercial units in the Building and 96 parking stalls located on the second and third floors of the Building's parking garage. Mr. Bruce C. Stark is the president of 1910 Partners.

The conflict between 1910 Partners and AOAO dates back to the 1990s. The parties' primary dispute lies in the allocation of common expenses, utilities and reserves for the Building and how much 1910 Partners should have to pay towards those items.

In 2009, AOAO filed five complaints against 1910 Partners in state court; it sought to collect on 1910 Partners' alleged

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

delinquencies by foreclosing its statutory liens against the five commercial units. 1910 Partners filed its first chapter 11 bankruptcy case before the state court could decide the merits of the complaints. 1910 Partners removed the complaints to the bankruptcy court and filed counterclaims against AOAO.

During the course of 1910 Partners' first bankruptcy case, the parties entered into a settlement agreement. Among other things, the settlement agreement provided that 1910 Partners would pay AOAO approximately $285,000 in full satisfaction of all alleged prepetition maintenance fees, costs and utilities accrued and contractual attorneys' fees. The settlement amount was to be paid in monthly installments over four years. The parties also agreed to install a submetering system to prevent future disputes over the allocation of common expenses for the Building.

Unfortunately, the parties continued to have disputes and, when mediation failed, AOAO filed another action against 1910 Partners. 1910 Partners responded with several counterclaims.

**B.    The instant bankruptcy case and related adversary proceeding**

On January 5, 2015, 1910 Partners filed its second chapter 11 bankruptcy case. Shortly thereafter, AOAO removed the 2014 state court action to the bankruptcy court. During the course of the main case and adversary proceeding, AOAO was represented by the law firms of O'Connor Playdon & Guben ("OPG") and Revere & Associates ("Revere").

AOAO filed an amended proof of claim, asserting a secured claim for $1,308,500 ("Claim"). The Claim included prepetition unpaid AOAO maintenance fees, unpaid utility expenses, and unpaid utility adjustment charges as provided by the 2012 settlement

-3-

agreement, as well as AOAO's prepetition attorneys' fees of approximately $155,000. The Claim did not include any request for payment of postpetition attorneys' fees or costs.

1910 Partners filed its initial chapter 11 plan of reorganization in June 2015. In its objection, AOAO contended it was owed postpetition attorneys' fees as an oversecured creditor under § 506(b), accruing from the petition date through July 15, 2015. Thereafter, 1910 Partners filed an amended chapter 11 plan of reorganization, which the bankruptcy court confirmed over AOAO's objection ("Plan").[3] The Plan paid the Claim in installments of $18,000 per month plus interest.

The confirmation order was entered on March 4, 2016. According to the order, entered the same day as the adversary judgment in favor of AOAO discussed below, administrative expense claims were to be filed and served on 1910 Partners no later than 60 days after the effective date of March 21, 2016, unless the bar date was extended by mutual agreement of 1910 Partners and the holder of the claim.

**1.    The trial, judgment and events up to the appeal date**

The sole purpose of the adversary proceeding between AOAO and 1910 Partners was to adjudicate the amount of the Claim.

The first time AOAO indicated its intent to request postpetition attorneys' fees and costs incurred as part of the Claim was in its pretrial list of exhibits. AOAO presented two exhibits, each consisting of only a single page summary of the fees and costs incurred by OPG and Revere respectfully. AOAO also

---

[3] AOAO's concurrent motion to appoint a chapter 11 trustee was denied after a two-day hearing.

-4-

contended at the end of its 50-page brief that it was entitled to postpetition attorneys' fees and costs as an oversecured creditor in the amount of $106,426 through December 31, 2015. AOAO acknowledged that its attorneys' fees and costs through trial would be calculated at the conclusion of the trial. AOAO's brief did not mention any substantial contribution claim.

Trial on the Claim was held over four days. Counsel for AOAO stated at the end of his summation that AOAO's postpetition attorneys' fees were "almost a half a million dollars . . . and accruing, because of Mr. Stark's obstinacy." He further argued, for the first time, that the court needed "to send a message" to Mr. Stark for his obstinacy and treat AOAO's postpetition fees and costs as an administrative claim under § 1129(a)(9)(A) that would be paid in full, in cash, on the effective date.

Counsel for 1910 Partners objected, arguing that it was not appropriate to address AOAO's postpetition attorneys' fees and costs and their reasonableness in the context of deciding the Claim; some additional type of motion had to be filed and served. Counsel also objected to AOAO's oral request that its fees and costs be paid as an administrative expense, arguing that AOAO could not have both a secured claim and an administrative claim, and that this issue should have been raised in the main case, not the adversary proceeding, and properly noticed with a hearing.

After trial, the bankruptcy court ordered the parties to submit competing findings of fact and conclusions of law. In its proposed findings and conclusions, AOAO proposed the following with respect to its postpetition attorneys' fees and costs:

• AOAO incurred postpetition attorneys' fees and costs totaling

-5-

$567,936.25;

• as an oversecured creditor AOAO was entitled to **all** postpetition attorneys' fees and costs under § 506(b), which were "reasonable"; and

• because AOAO had made a "substantial contribution" to the estate it was entitled to have its attorneys' fees and costs be accorded administrative expense priority status under § 503(b)(4) and be paid in cash, in full, on the Effective Date of the Plan as per § 1129(a)(9)(A).[4]

In addition to its proposed findings and conclusions, AOAO submitted an ex parte motion to submit its attorneys' time sheets under seal and to hand deliver the time sheets to 1910 Partners upon entry of an order granting the motion to seal. AOAO maintained that the time sheets contained confidential attorney-client information and attorney work product. Alternatively, AOAO offered to file redacted versions of the time sheets with unredacted versions to be viewed in camera.

1910 Partners submitted proposed findings, including one stating that the bankruptcy court was unwilling to rule on AOAO's postpetition attorneys' fees and costs under § 506(b) until AOAO filed a properly noticed motion with supporting documentation, so that the court and interested parties could ascertain the "reasonableness" of AOAO's fee request. 1910 Partners also submitted a proposed finding that none of AOAO's attorneys' fees were entitled to administrative expense priority. 1910 Partners

---

[4] AOAO maintained that it made a "substantial contribution" in the main case by: (1) being the only active creditor in the case; (2) raising the issue of recovering $300,000 in insider preference payments, which was not dealt with in the first plan; (3) ensuring the enforcement of the "absolute priority" rule; (4) moving to appoint a chapter 11 trustee, which motion was denied but uncovered 1910 Partners' failure to maintain its units and parking area; and (5) its objections raised to the initial plan, which led to a reduced term of the final Plan payments to unsecured creditors to five years after the Effective Date.

-6-

maintained that, as an oversecured creditor, AOAO's legal fees could not be both a secured claim under § 506(b) and an unsecured administrative expense priority claim.

The bankruptcy court entered its findings of fact and conclusions of law and judgment with respect to AOAO's Claim on March 4, 2016 ("March 4 Judgment"). In short, the court, adopting AOAO's proposed findings and conclusions, found in favor of AOAO in all respects and ruled that its Claim would be allowed in full.

With respect to AOAO's postpetition attorneys' fees and costs, which is the only issue on appeal, the court determined that: (1) AOAO was entitled to an award of its fees and costs under § 506(b) and that the requested $567,936.25 was "reasonable"; and (2) AOAO had made a "substantial contribution" to the estate and therefore all of its § 506(b) fees and costs were to be treated as a § 503(b)(4) administrative expense claim and be paid in full, in cash, on the Effective Date of the Plan pursuant to § 1129(a)(9)(A).

1910 Partners filed a timely motion for reconsideration, raising two arguments with respect to AOAO's postpetition attorneys' fees and costs. First, 1910 Partners argued that the court erred by awarding AOAO's fees and costs under § 506(b) as part of a "claims allowance process" without providing 1910 Partners or unsecured creditors a fair "due process" opportunity to object to their reasonableness, after a duly noticed motion and hearing. Without detailed time sheets, 1910 Partners argued that it was unable to ascertain not only reasonableness of AOAO's postpetition fees but also what fees were attributable to legal services provided in the main case as distinguished from those

-7-

provided in the adversary proceeding.

Second, 1910 Partners argued that the court erred by granting AOAO's postpetition attorneys' fees and costs administrative priority under § 503(b)(4) without detailed time sheets from OPG and Revere, any notice or hearing, and by making that determination in the context of the adversary proceeding on the Claim as opposed to in the main case. Furthermore, 1910 Partners argued that, because the fees AOAO incurred in the adversary proceeding were solely for its benefit, they could never be awarded as an administrative expense claim; AOAO's efforts there did not provide a tangible benefit to the estate or the general unsecured creditors.

AOAO opposed the motion to reconsider. Much of its opposition spent time making a case for why its claim for postpetition attorneys' fees and costs was entitled to administrative priority under § 503(b)(4). AOAO maintained that by raising the administrative expense claim issue at the closing of trial, in its proposed findings and conclusions after trial, and by "proffering to file the detailed time sheets of OPG and Revere under seal," 1910 Partners received sufficient due process. AOAO faulted 1910 Partners for not objecting to the proposed seal motion or requesting that the court direct AOAO to file its time sheets in open court, when it had three weeks to do so.

After a hearing, the bankruptcy court entered findings of fact and conclusions of law and an order on June 8, 2016, denying the reconsideration motion (the "June 8 Order"). Throughout the findings and conclusions, drafted by counsel for AOAO and adopted by the court, the court referred to AOAO's postpetition attorneys'

-8-

fees and costs of $567,936.25 as an administrative expense priority claim under § 503(b)(4) to be paid per § 1129(a)(9)(A). However, in the related order, also drafted by AOAO's counsel and adopted by the court, AOAO's postpetition attorneys' fees and costs of $567,936.25 were awarded under § 506(b), with no mention of § 503(b)(4) or § 1129(a)(9)(A).

On May 20, 2016, after the hearing on the reconsideration motion but before the bankruptcy court had entered the June 8 Order denying that motion, the parties filed in the main case a stipulation agreeing to extend the "Professional Fee Claims Bar Date" to August 31, 2016.

1910 Partners timely appealed the March 4 Judgment and the June 8 Order.

**2. Post-appeal events**

On June 29, 2016, AOAO filed in the main case a motion to enforce the Plan, arguing that 1910 Partners had failed to pay its administrative expense claim of $567,936.25. After a hearing, the bankruptcy court entered findings of fact and conclusions of law and an order on October 13, 2016, again drafted by counsel for AOAO, ordering that 1910 Partners either pay the claim immediately, create a reserve for the $567,936.25, seek a stay of the enforcement of the Plan, or proffer a supersedeas or appeal bond for $709,245.31.

Meanwhile, on August 31, 2016, AOAO filed in the main case an application for the allowance and award of its postpetition attorneys' fees and costs under § 503(b)(4), which 1910 Partners opposed. Included with the application were detailed time sheets from OPG and Revere. In total, AOAO sought $607,420.57 in fees

-9-

and costs to be awarded administrative expense priority under § 503(b)(4). The fee application was served on 1910 Partners, creditors and the U.S. Trustee. Later, in its reply, AOAO boldly asserted that the court did not need detailed time sheets or any documentation to allow and award its postpetition fees and costs as a § 503(b)(4) administrative expense priority claim, because AOAO's work and results were apparent for both the main case and the adversary proceeding liquidating its Claim and sufficiently supported its administrative claim.

On December 2, 2016, the bankruptcy court entered an order in the main case awarding AOAO its postpetition attorneys' fees and costs of $607,420.57 as an administrative expense priority claim under § 503(b)(4) to be paid pursuant to § 1129(a)(9)(A) (the "December 2 Fee Order"). Attached to and incorporated in the December 2 Fee Order were the March 4 Judgment and June 8 Order.

1910 Partners did not appeal the December 2 Fee Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(a)(2)(A), (B) & (K). AOAO raised the issues of finality and mootness with respect to the March 4 Judgment in its motion to dismiss this appeal, arguing that the December 2 Fee Order was a "final" order that superseded the March 4 Judgment and mooted this appeal. For the reasons that follow, AOAO's motion to dismiss is DENIED.

We conclude that the March 4 Judgment was a final order. "An order is final if it constitutes a complete adjudication of the issues at bar and clearly evidences the judge's intention that it be final." Wiersma v. Bank of the W. (In re Wiersma), 483 F.3d

-10-

933, 938 (9th Cir. 2007) (citing Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990)). The March 4 Judgment adjudicated the claims between the parties and unequivocally awarded AOAO its postpetition attorneys' fees and costs under § 506(b), § 503(b)(4) and § 1129(a)(9)(A). The court made express findings about the "reasonableness" of AOAO's fees as well as findings about the "substantial contribution" AOAO had made to the estate. Nothing in the March 4 Judgment indicates that a further motion was necessary for AOAO to be awarded its postpetition fees and costs and, in fact, AOAO vehemently argued that no such motion had to be filed for its fees and costs to be awarded under any statute.[5]

We reject AOAO's argument that the parties and the court contemplated further proceedings on AOAO's postpetition attorneys' fees and costs after the March 4 Judgment based on the stipulation to extend the Professional Fee Claims Bar Date. Section 2.3.2 of the Plan governs claims for professionals who have rendered services to the estate, such as debtor's counsel or counsel for a creditor's committee. AOAO was not claiming "professional fees" here; it was asserting an administrative expense claim for its fees, the bar dates for which is governed by Section 2.3.1 of the Plan and confirmation order. The parties' stipulation, therefore, had no effect on the bar date for AOAO's administrative expense claim. Any such claim had to be filed and served no later than

---

[5] Arguably, AOAO must have thought the March 4 Judgment finally adjudicated its postpetition fee claim given that it filed the motion to enforce the Plan, wherein it complained about not being paid its $567,936.25 administrative claim, **before** it filed its fee application.

-11-

60 days after the Effective Date, which would have been May 20, 2016. Thus, AOAO's fee application filed on August 31, 2016, if even considered a proper administrative expense claim, was untimely.

We also conclude that the appeal of the March 4 Judgment is not moot. We lack jurisdiction over moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). A case is moot where an event occurs while a case is pending appeal that makes it impossible for the court to grant any effective relief to the prevailing party. Id. While AOAO argues that the December 2 Fee Order has mooted the appeal because proper procedures have since been followed and its postpetition attorneys' fees and costs have again been awarded under the same statutes, AOAO fails to recognize that the bankruptcy court lacked jurisdiction to enter the December 2 Fee Order.

Once a notice of appeal for a final, appealable order is filed, the trial court is divested of jurisdiction over aspects of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); Hill & Sanford, LLP v. Mirzai (In re Mirzai), 236 B.R. 8, 10 (9th Cir. BAP 1999). Although the trial court may take actions that preserve the status quo during the pendency of an appeal, it may not finally adjudicate substantial rights directly involved in the appeal. Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1189 (9th Cir. 2000). The trial court cannot enter an order that supplements the order on appeal because such supplementation would change the status quo. In re Mirzai, 236 B.R. at 10 (citing McClatchy Newspapers v. Cent. Valley Typographical Union, 686 F.2d 731, 734-35 (9th Cir. 1982)).

-12-

The trial court also may not alter or expand upon the judgment. In re Padilla, 222 F.3d at 1190.

Because the propriety of AOAO's claim seeking recovery of postpetition attorneys' fees and costs is the subject of this appeal, the bankruptcy court lacked jurisdiction to consider AOAO's subsequent fee application or to enter the December 2 Fee Order, which not only supplemented the March 4 Judgment but expanded upon it by awarding AOAO an additional $40,000 in postpetition fees and costs. As a result, the December 2 Fee Order is void. Id. Therefore, contrary to AOAO's position, the subsequent events which may have "cured" the procedural irregularities that occurred here have no impact on this appeal.

Because we are able to grant 1910 Partners effective relief if we decide the appeal of the March 4 Judgment in its favor, the appeal is not moot. Accordingly, we have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err by awarding AOAO's postpetition attorneys' fees and costs as both a § 506(b) claim and as an administrative expense priority claim to be paid in full, in cash, on the Effective Date of the Plan?

2. Did the bankruptcy court err by awarding AOAO's postpetition attorneys' fees and costs without requiring AOAO to file and serve a motion with supporting documentation before determining the amount of the fees and costs allowed under either § 506(b) or § 1129(a)(9)(A) and § 503(b)(4)?

3. Did the bankruptcy court abuse its discretion in denying the motion to reconsider?

-13-

## IV. STANDARDS OF REVIEW

The bankruptcy court's application of the rules of procedure is reviewed de novo. Ruvacalba v. Munoz (In re Munoz), 287 B.R. 546, 550 (9th Cir. BAP 2002). Likewise, whether a party's due process rights were violated is a question of law we review de novo. Miller v. Cardinale (In re Deville), 280 B.R. 483, 492 (9th Cir. BAP 2002).

We will not disturb the bankruptcy court's award of attorney's fees and costs unless the court erroneously applied the law or abused its discretion. Renfrow v. Draper, 232 F.3d 688, 693 (9th Cir. 2000); Fry v. Dinan (In re Dinan), 448 B.R. 775, 783 (9th Cir. BAP 2011).

The bankruptcy court's denial of a reconsideration motion is also reviewed for an abuse of discretion. Cruz v. Stein Strauss Tr. # 1361, PDQ Invs., LLC (In re Cruz), 516 B.R. 594, 601 (9th Cir. BAP 2014). The bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are clearly erroneous. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A.  The bankruptcy court erred in awarding AOAO its postpetition attorneys' fees and costs on this record.**

1910 Partners contends that the bankruptcy court erred by granting AOAO's fee claim administrative expense priority under §§ 503(b)(4) and 1129(a)(9)(A) and, at the same time, determining that AOAO was entitled to its postpetition attorneys' fees and costs as an oversecured creditor under § 506(b). 1910 Partners also argues that it was denied due process when the court awarded

-14-

AOAO its postpetition attorneys' fees and costs without a separate motion or any documentation to support it. While, conceivably, we can envision a situation where an oversecured creditor could have an administrative expense priority claim and a claim under § 506(b), we need not address that issue, because the record does not support AOAO's postpetition fee award under any of the above statutes.

**1. AOAO was not entitled to its fee award under § 506(b).**

Section 506(b) permits oversecured creditors to claim attorney's fees and costs:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

§ 506(b). Thus, the creditor is entitled to postpetition attorney's fees and costs if: (1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement. Kord Enters. II v. Cal. Commercial Bank (In re Kord Enters. II), 139 F.3d 684, 687 (9th Cir. 1998). It is undisputed that AOAO is an oversecured creditor with an allowed secured claim and could recover its reasonable postpetition attorneys' fees and costs based on the underlying agreements between the parties upon proof.

However, § 506(b) requires that such fees and costs be "reasonable." Dalessio v. Pauchon (In re Dalessio), 74 B.R. 721, 723 (9th Cir. BAP 1987). The key determinant for "reasonableness" is whether the creditor incurred expenses and fees that fall within the scope of the fees provision in the parties' agreement

-15-

and took the kinds of actions that similarly situated creditors might reasonably conclude should be taken. Id. "The bankruptcy court should inquire whether, considering all relevant factors including duplication, the creditor reasonably believed that the services employed were necessary to protect its interests in the debtor's property." Id. (citing In re Carey, 8 B.R. 1000, 1004 (Bankr. S.D. Cal. 1981)). "A court should not reward a creditor whose overly aggressive attorney harasses and opposes the debtor at every stage of the bankruptcy proceeding, nor should an oversecured creditor be given a blank check to incur fees and costs which will automatically be reimbursed out of its collateral." Id.

A secured claim holder has the burden of proving the reasonableness of its fee claim under § 506(b). Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 (9th Cir. BAP 2003). This requires, at minimum, supporting documentation to include detailed time sheets.[6] In re Dalessio, 74 B.R. at 724. Without this, the trial court has no possible way to determine reasonableness. Here, AOAO did not request its postpetition attorneys' fees and costs under § 506(b) in the Claim. The first time AOAO provided any real discussion on the matter was in its trial brief in the adversary proceeding. However, AOAO failed to

_____

[6] We do not address the question of what procedural device is required for an oversecured creditor to recover postpetition attorney's fees and costs under § 506(b). While the Ninth Circuit has not decided this issue, we held in In re Atwood that a proof of claim requesting such fees and costs may be sufficient. 293 B.R. at 231-232. The Local Bankruptcy Rules for the District of Hawaii are silent on this issue. Nonetheless, regardless of the procedure used, an award for such fees and costs uniformly has to be supported with evidence sufficient for the bankruptcy court to determine reasonableness.

-16-

state the exact amount it would be seeking, indicating that it would be determined after trial.

The amount of postpetition fees and costs AOAO was seeking was finally revealed in its proposed findings and conclusions after trial, but was not supported with any evidence. AOAO also sought to file its counsels' time sheets under seal and proposed not to provide a copy of them to 1910 Partners until after the court had entered an order granting the seal motion. No such order was entered, and 1910 Partners did not receive a copy of the time sheets, redacted or otherwise, prior to the March 4 Judgment. Also absent from the record is any declaration from AOAO's counsel attesting to the fees' reasonableness.

AOAO faults 1910 Partners for failing to object to the motion to file the time sheets under seal or to request that the court compel AOAO to provide them in open court, suggesting that 1910 Partners' alleged silence somehow constituted waiver. 1910 Partners did object to the award of AOAO's postpetition attorneys' fees and costs in closing argument at trial and in its competing proposed findings and conclusions. Further, as the creditor seeking such fees and costs, AOAO had the burden of proving the reasonableness of its claim under § 506(b). In re Atwood, 293 B.R. at 233. Putting the onus on 1910 Partners to object to the seal motion or to compel AOAO to provide the time sheets was not only inappropriate, it was contrary to the law.

It is also not evident whether the bankruptcy court received and reviewed the time sheets or did any independent inquiry into the nature of the requested fees and costs. Although the court summarily found that the entire amount requested for fees and

-17-

costs was "reasonable," the March 4 Judgment was drafted, in large part, by AOAO. Thus, we review this finding with special scrutiny. Silver v. Exec. Car Leasing Long-Term Disability, 466 F.3d 727, 733 (9th Cir. 2006).

Overall, we conclude that the bankruptcy court erred by failing to require AOAO to support its postpetition fee request with any evidence and by failing to afford 1910 Partners a procedure to review the time sheets of AOAO's professionals and to make objections as to the reasonableness of the requested fees and costs before entering the March 4 Judgment.

**2.   AOAO's fee award was not entitled to administrative priority.**

Even more troubling is the bankruptcy court's award of AOAO's postpetition attorneys' fees and costs as an administrative expense priority claim under § 503(b)(4) to be paid pursuant to § 1129(a)(9)(A). Section 503(b)(4) provides, in relevant part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including —
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant[.]

§ 503(b)(4). As pertinent here, § 503(b)(4) permits an administrative claim for fees and expenses of an attorney who represents a creditor who made a substantial contribution to the chapter 11 case. See Wake v. Sedona Inst. (In re Sedona Inst.), 220 B.R. 74, 81 (9th Cir. BAP 1998); In re W. Asbestos Co.,

-18-

318 B.R. 527, 530 (Bankr. N.D. Cal. 2004).

A creditor seeking administrative priority for its legal fees and costs bears the burden of proof to demonstrate that the creditor has made a substantial contribution to the estate. Andrew v. Coopersmith (In re Downtown Inv. Club III), 89 B.R. 59, 64 (9th Cir. BAP 1988) ("The burden of proof under Bankruptcy Code § 503(b)(4) to show that a substantial contribution was made is on the party seeking compensation[.]"); see also In re Catalina Spa & R.V. Resort, Ltd., 97 B.R. 13, 17 (Bankr. C.D. Cal. 1989) (same). The measure of any substantial contribution is the "'extent of the benefit to the estate.'" Cellular 101, Inc. v. Channel Commc'ns, Inc. (In re Cellular 101, Inc.), 377 F.3d 1092, 1096 (9th Cir. 2004) (quoting Christian Life Ctr. Litig. Defense Comm. v. Silva (In re Christian Life Ctr.), 821 F.2d 1370, 1373 (9th Cir. 1987)). The benefits conferred by the claimant must be direct and not "incidental" or "minimal," and must outweigh the benefit received by the claimant. Id. at 1098.

The prerequisite for a creditor's administrative priority claim for legal fees and costs under § 503(b)(4) is "notice and a hearing." See § 503(b)(4). Moreover, Local Bankruptcy Rule 3001-2(d) requires an entity requesting payment of an administrative expense in a chapter 11 case to give notice of the request to the debtor in possession, the U.S. Trustee and the holders of the 20 largest unsecured claims. Local Bankruptcy Rule 2016-1 also mandates that, to receive compensation for attorney's fees or reimbursement of expenses under § 503(b)(4), the professional must submit an application with supporting documentation, including detailed time records and a certification

-19-

by the applicant. None of these things happened here.

We also find error in the court's consideration of AOAO's proposed administrative expense claim in the context of the adversary proceeding on the Claim. Any administrative expense claim had to be filed by separate motion in the main case, properly noticed, and granted only after a hearing or opportunity for hearing. No separate motion was filed in the main case, proper notice was not provided, and no hearing was noticed or held. AOAO's counsel simply threw in as part of his closing argument in the adversary proceeding that AOAO's postpetition attorneys' fees and costs should be given administrative priority and be paid in full, in cash, on the Effective Date of the Plan to teach Mr. Stark a lesson. AOAO then proceeded to award itself an administrative expense priority claim for the full amount of its postpetition fees and costs in its proposed findings and conclusions after trial, which the court adopted.

In summary, given these procedural irregularities, 1910 Partners (and others) were denied due process with respect to the granting of administrative priority status to AOAO's postpetition attorneys' fees and costs.

Further, without a proper fee application and supporting documentation, it was impossible not only for the court to find that AOAO made a "substantial contribution" to the estate but also to find that every cent AOAO spent pursuing its own Claim in the adversary proceeding was a direct benefit to the estate. Even with supporting documentation, it would be extremely difficult for AOAO to prove that the benefit recovered in the adversary proceeding was outweighed by the benefit received by the estate.

Therefore, because the court's finding of "substantial contribution" was not supported by any evidence, only argument, it was clearly erroneous.[7]

**B.    The bankruptcy court abused its discretion by not granting the motion to reconsider.**

A motion under Civil Rule 59(e) should not be granted unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change of controlling law.  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  1910 Partners asked the bankruptcy court to reconsider its ruling in the March 4 Judgment with respect to AOAO's postpetition attorneys' fees and costs under either § 506(b) or § 503(b)(4), arguing lack of due process and that an insufficient evidentiary record existed to find "reasonableness" or "substantial contribution."  Because we have determined that the court applied an incorrect standard of law and clearly erred in these respects, it abused its discretion by not granting 1910 Partners' motion to reconsider.

## VI. CONCLUSION

We VACATE the portion of the March 4 Judgment awarding AOAO postpetition attorneys' fees and costs of $567,936.25 and REMAND for further proceedings.  On remand, the court can consider whether AOAO is entitled to some amount of fees or costs as an oversecured creditor under § 506(b).  The court may also consider, after proper notice and a hearing, whether any amount of these

---

[7] As with § 506(b), AOAO's administrative claim for fees and costs under § 503(b)(4) was also subject to a "reasonableness" determination, which could not be determined absent an evidentiary record.  § 503(b)(4); In re Sedona Inst., 220 B.R. at 81.

-21-

fees or costs are entitled to administrative expense priority, to the extent that such claim is not barred by the Plan or the confirmation order.