**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARY L. JOHNSON, individually and on behalf of all others similarly situated,
*Plaintiff-Appellant*,

v.

MGM HOLDINGS, INC,
*Defendant*,

and

METRO-GOLDWYN-MAYER STUDIOS, INC.; TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC,
*Defendants-Appellees*.

No. 18-35967

D.C. No.
2:17-cv-00541-RSM

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted October 21, 2019[*]
Seattle, Washington

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed December 2, 2019

Before: Sandra S. Ikuta and Mark J. Bennett, Circuit
Judges, and Jennifer A. Dorsey,[**] District Judge.

Opinion by Judge Bennett

---

**SUMMARY**[***]

---

**Attorneys' Fees**

The panel affirmed the district court's order awarding
attorneys' fees to plaintiff class counsel following the
settlement of a consumer protection class action.

Plaintiff challenged the award, arguing that it was
arbitrary because the district court did not adequately explain
its decision to cut the number of hours by 25%.

The panel held that the district court's order awarding
attorneys' fees, when read in its entirety, explained the
lodestar calculation it conducted and its application of the
percentage-of-recovery analysis as a cross-check of
reasonableness. The panel concluded that the district court
adequately explained its reasoning and did not abuse its
discretion.

---

[**] The Honorable Jennifer A. Dorsey, United States District Judge
for the District of Nevada, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It
has been prepared by court staff for the convenience of the reader.

In a concurrently filed memorandum disposition, the panel rejected plaintiff's remaining arguments for reversal.

## COUNSEL

Alexander S. Kleinberg, Eisenhower Carlson PLLC, Tacoma, Washington, for Plaintiff-Appellant.

Tamerlin J. Godley, Munger Tolles & Olson LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

BENNETT, Circuit Judge:

Plaintiff moved for an award of $350,000 in fees following the settlement of a consumer protection class action. The district court conducted a lodestar analysis of class counsel's billing, applied a 25% cut to the hours expended by class counsel, and ultimately awarded Plaintiff $184,665 in attorneys' fees. Plaintiff challenges the award, arguing that the entire award was arbitrary because the district court did not adequately explain its decision to cut the number of hours by 25%. We disagree. The district court's order awarding attorneys' fees, when read in its entirety, explains the lodestar calculation it conducted and its application of the percentage-of-recovery analysis as a cross-check for reasonableness. We find that the district court adequately explained its reasoning and did not abuse its discretion.

## FACTS AND PROCEEDINGS

Goldwyn-Mayer Studios, Inc. and Twentieth Century Fox Home Entertainment LLC (collectively, "Defendants") marketed several James Bond DVD and Blu-ray boxsets as containing "[a]ll the Bond films" and "every gorgeous girl, nefarious villain and charismatic star." But the boxsets failed to include *Casino Royale* and *Never Say Never Again*. Plaintiff, Mary Johnson as class representative, instituted an action on behalf of a nationwide class of consumers, alleging a violation of Washington's Consumer Protection Act, breach of express warranties, and breach of the implied warranty of merchantability.

The parties settled, and the settlement agreement included Defendants' agreement to pay attorneys' fees and costs in an amount not exceeding $350,000 and an incentive award of $5,000 to Ms. Johnson. Defendants agreed not to oppose or challenge awards not exceeding those amounts.

Plaintiff filed an unopposed Motion for Attorneys' Fees and Expenses and Named Plaintiff Enhancement Award ("Motion") requesting $350,000 for fees and costs and a $5,000 incentive award for Ms. Johnson. The district court approved the settlement but awarded $184,655 in attorneys' fees, not $350,000. The district court conducted its own lodestar calculation and applied a 25% across the board cut to class counsel's requested hours to "reflect a more reasonable representation of the work required." Plaintiff appeals from the district court's order.

## STANDARD OF REVIEW

We review a district court's award of attorneys' fees and its chosen method of calculation for an abuse of discretion. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,

940 (9th Cir. 2011). Under the abuse of discretion standard, we "affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201–02 (9th Cir. 2013) (quoting *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)).

## ANALYSIS

We need a sufficient basis for determining the reasonableness of an attorneys' fee award. *See In re Bluetooth*, 654 F.3d at 943 (reversing and remanding where the district court provided "(1) no explicit calculation of a reasonable lodestar amount; (2) no comparison between the settlement's attorneys' fees award and the benefit to the class or degree of success in the litigation; and (3) no comparison between the lodestar amount and a reasonable percentage award"). Here the district court provided an adequate explanation for us to review its decision.

First, the district court provided an explicit lodestar calculation, determining the reasonable hourly rate and number of reasonable hours expended by class counsel.[1] The district court provided six reasons [2] why a 25% reduction

---

[1] Plaintiff does not challenge the district court's determination of a reasonable hourly rate.

[2] The six reasons were: (1) some block billing; (2) excessive time spent on law firm conferences that did not advance the case or the interests of the class; (3) unreasonable travel time billed without any showing that substantive work was performed; (4) duplicative work; (5) unsupported identical conclusory statements of class counsel as the only explanation for why the hours requested were reasonable; and (6) puffery in describing work performed.

was appropriate. The district court then conducted a percentage-of-recovery analysis as a cross-check.

We encourage district courts to cross-check their attorneys' fee awards using a second method of fee calculation. *Id.* at 944. This helps guard against unreasonable awards. *Id.* For example, when a court conducts a lodestar analysis, a percentage-of-recovery method can be used to ensure that "counsel's fee does not dwarf class recovery." *Id.* at 945 (quoting *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 n.40 (3d Cir. 1995)). If the lodestar amount exceeds the 25% benchmark for percentage-of-recovery awards, a second look to evaluate the reasonableness of the lodestar calculation is appropriate. *Id.*

Here, in comparing its lodestar calculation ($184,665) to its calculation of the benefit achieved for the class ($138,600), the district court observed that the lodestar award exceeded our 25% benchmark for percentage-of-recovery awards. While the district court noted that even the lodestar amount (which was approximately half the amount sought) seemed unreasonably large, the district court ultimately decided the case did not warrant continued action and that it was preferable that Class Counsel—as opposed to Defendants—receive any excess. The district court's final decision not to further reduce the award was reasonable.

The district court provided a clear and concise explanation for its lodestar calculation and its reasonableness cross-check, enabling us to determine that the district court's award was reasonable, based on the record before it—our case law requires nothing more. *See*, *e.g., McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("[The district court] must explain how it arrived at its determination with sufficient specificity to permit an

appellate court to determine whether the district court abused its discretion in the way the analysis was undertaken."); s*ee also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[It is] important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award."). The district court acted well within its discretion.

Plaintiff contends that the district court failed to provide an explanation as to why it chose a 25% cut, and claims this means the cut was arbitrary, relying entirely on our opinion in *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013). We disagree. The district court in *Gonzalez* considered an attorneys' fee award in a civil rights case, where the lodestar method is typically used. 729 F.3d at 1202.[3] We reversed and remanded the district court's award because given the district court's explanation, we thought the percentage cuts to the reasonable hours seemed arbitrary. *Id.* at 1204–05. And the cuts were "irreconcilable" with certain of the district court's stated conclusions. *Id*. at 1205. We simply couldn't conclude that the lodestar method, as applied by the district court, produced a reasonable attorneys' fee. *Id.* at 1208–09. Our decision did not rise or fall on the use or omission of any "magic words."

Here, by contrast, the district court provided a detailed explanation of the lodestar calculation and a percentage cross-check. *Cf. Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (stating that district court's reduction of more than ten percent requires a reasoned explanation). The district court's cross-check provided support for the ultimate reasonableness of the district court's

---

[3] *Gonzalez* does not mention a cross-check analysis, presumably because the percentage-of-recovery method is not typically used in civil rights cases, and the district court did not conduct one.

award. The cross-check also demonstrated that even with the 25% cut to class counsel's hours, the fee award was higher than the percentage-of-recovery benchmark amount of 25% of the recovery to the class. The district court provided a more than sufficient basis for us to evaluate the award, and we have no difficulty understanding why the court made the award it did. The district court's six reasons for a cut to the hours combined with its additional cross-check analysis demonstrates reasonable action—the very opposite of arbitrary action. No further explanation for the 25% cut was necessary.

**AFFIRMED.**[4]

---

[4] In a concurrently filed memorandum disposition, we reject Plaintiff's remaining arguments for reversal.