**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIM SPANGLER, Individually, and as the
Personal Representative for Dennis
Howard Brewer, Deceased,

        Plaintiff-Appellant,

v.

COUNTY OF VENTURA; WILLIAM
SCHNEEKLOTH, Ventura County
Deputy Sheriff, Serial No. 4218,

        Defendants-Appellees.

No.   18-55954

D.C. No.
2:16-cv-09174-ODW-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted January 21, 2020
Pasadena, California

Before: RAWLINSON, CLIFTON, and BRESS, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Kim Spangler (Spangler) appeals the district court's grant of summary judgment in favor of Defendants-Appellees (Appellees), and the award of attorneys' fees to Appellees.

This appeal arises from a police chase involving Ventura County Deputy Sheriff Schneekloth and Spangler's son, Dennis Howard Brewer (Brewer). After observing Brewer commit multiple traffic violations while riding a motorcycle, including driving at excessive speed and cross a double-yellow line, Deputy Schneekloth activated his emergency lights in an attempt to conduct a traffic stop of Brewer. But Brewer did not stop, and attempted to evade Deputy Schneekloth at a high speed. Deputy Schneekloth continued to pursue Brewer as he drove off the roadway and up a hill. Tragically, Brewer fell off a cliff on the other side of the hill, resulting in his death.

We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the district court's summary judgment order. *See Universal Cable Prods., LLC v. Atlantic Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019). The award of attorneys' fees is reviewed for abuse of discretion. *See Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019). Factual findings made by the district court to support its fee award are reviewed for clear error. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).

**1.** The district court correctly applied the purpose-to-harm standard in evaluating Spangler's Fourteenth Amendment claims. When considering which standard to apply, the district court must consider the circumstances the law enforcement officer faced. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 373 (9th Cir. 1998), *as amended*. The "critical question . . . is whether the circumstances allowed the state actors time to fully consider the potential consequences of their conduct." *Id.* (citations omitted). Considering the pursuit of decedent, decedent's failure to respond to the emergency lights, decedent's evasive driving tactics, and Deputy Schneekloth's legitimate law enforcement objectives in pursuing a motorist committing traffic violations, we agree with the district court that Spangler failed to raise a material issue of fact that Deputy Schneekloth acted with a purpose to harm the decedent. *See Porter v. Osborn*, 546 F.3d 1131, 1137-39 (9th Cir. 2008). The district court also correctly determined that there was no evidence that Deputy Schneekloth collided with Brewer's motorcycle, as Spangler's expert acknowledged.

**2.** The district court did not abuse its discretion in awarding attorneys' fees to Appellees. The district court may award attorneys' fees to a prevailing defendant under 42 U.S.C. § 1988, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833

3

(2011) (citations omitted). The district court did not clearly err when it concluded that Spangler's claims became frivolous once she continued to litigate her claims despite producing no evidence to support her theory of liability. Spangler's forensic expert declined to refute Appellees' evidence that there was no contact between the decedent's motorcycle and Deputy Schneekloth's vehicle. Eyewitness testimony and accident reconstruction testimony corroborated the fact that no collision occurred. The district court adequately explained the basis for the fee amount and the amount was reasonable. No abuse of discretion occurred. *See Tutor-Saliba Corp.*, 452 F.3d at 1064-65.

**AFFIRMED.**