**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN WHITAKER,

Plaintiff-Appellant,

v.

SMB GROUP, a California limited
partnership; et al.,

Defendants-Appellees.

No.    20-55838

D.C. No.
2:19-cv-06877-MWF-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 11, 2021
Seattle, Washington

Before:  EBEL,** BRESS, and VANDYKE, Circuit Judges.

Brian Whitaker appeals the district court's partial fee award totaling $11,349,

roughly half of the $20,459 in attorneys' fees that Whitaker requested.  Specifically,

Whitaker argues that the district court erred by: (1) denying compensation for hours

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of
Appeals for the Tenth Circuit, sitting by designation.

spent on a motion to enforce settlement, (2) imposing a ten percent across-the-board reduction in hours billed after already having imposed a deduction for overbilled tasks and block billing, and (3) basing its determination of reasonable hourly rates entirely on past awards to attorneys from the Center for Disability Access (CDA), rather than considering other factors used to determine the prevailing rate in the community. We have jurisdiction pursuant to 28 U.S.C. § 1291 and conclude that the district court erred because it failed to consider relevant factors outlined in *Roberts v. City of Honolulu*, 938 F.3d 1025 (9th Cir. 2019), and *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008), to determine reasonable hourly rates. Whitaker's other arguments are without merit.

Whitaker sued SMB Group (SMB) and Yoon Jeong Row (Row) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. CDA, the law firm representing Whitaker, represents that it files a "large percentage" of the ADA cases in California. According to SMB and Row, Whitaker has been a plaintiff in more than 1,100 such cases filed in the Central District of California since 2014.

The few facts relevant to this appeal are as follows. On February 11, 2020, the parties entered a memorandum of understanding with respect to damages and stipulated Whitaker was entitled to seek attorneys' fees and costs. On June 11, 2020, Whitaker filed a motion for attorneys' fees requesting $20,459 for forty-two hours

of work completed by six attorneys billing at hourly rates ranging from $450 to $595. On July 17, 2020, the district court awarded Whitaker $11,349 in attorneys' fees. The district court arrived at the $11,349 award amount by deducting hours from CDA's billing statement and then lowering the applicable hourly rates on the remaining hours (ranging from $350 to $425).

We hold that while the district court adequately explained its deductions for the hours spent on the settlement enforcement motion and for block billing, it did not adequately justify its reduction in CDA's requested hourly rates.

*First*, the district court adequately explained its denial of attorneys' fees for the hours CDA spent on its motion to enforce the settlement. Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111. "The district court may then adjust upward or downward based on a variety of factors." *Id*. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Id*.

Here, the district court pointed out that it had previously directed the parties to meet and confer to avoid unnecessary motion practice. The court likewise expressed concern that CDA billed hours for a hearing that never happened, for

3

unnecessary briefing on a settlement motion, and for an unnecessary motion to enforce settlement.  Because the court thus provided a comprehensible explanation for deducting hours from CDA's bills, which was not "illogical, implausible, or without support in the record," the court did not abuse its discretion in denying compensation for these hours. *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019) (citation omitted).

*Second*, the court adequately explained that CDA spent excessive amounts of time on certain block-billed tasks, which justified a fifteen percent deduction on block-billed hours and a ten percent overall reduction of the remaining billed hours. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) ("A district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation."); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (holding that a district court has the "authority to reduce hours that are billed in block format" because a "fee applicant bears the burden of documenting the appropriate hours expended" and "block billing makes it more difficult to determine how much time was spent on particular activities"); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222–23 (9th Cir. 2010) (holding that it was "a reasoned exercise of discretion" for a district court to (1) reduce block-billed hours by more than 15 percent, (2) exclude "fees incurred because of court-requested supplemental information," and

4

(3) impose "an additional 10% across-the-board reduction for excessive and redundant work").

In this case, the district court imposed a permissible reduction, explaining that CDA's billing was excessive considering how many nearly identical cases CDA regularly litigates. After noting that the case involved "no substantive motions practice or discovery" and comparing it to "a routine, non-complex case [that] was overstaffed to a degree that significant inefficiencies and inflated fees resulted," the district court found the case was overbilled. Because the district court adequately justified these reductions as accounting for overbilling on a non-complex case, it did not abuse its discretion.

*Third*, the district court erred in its determination of hourly rates when it reduced CDA's rates based solely on fee awards to CDA in prior cases, instead of considering other evidence of the prevailing community rates provided by CDA in the current case. We determine that the district court's justification was insufficient under our precedents. *See Roberts*, 938 F.3d at 1020 (holding that examining prior fee awards to particular attorneys in a particular district cannot substitute for considering whether declarations submitted by attorneys do, or do not, establish the prevailing hourly rate in a district); *Moreno*, 534 F.3d at 1114 ("The hourly rate … is to be calculated by considering certain factors, including the novelty and difficulty

5

of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases.").

We cannot discern that, in its explanation of why it reduced the hourly rates sought by CDA, the district court analyzed the complexity of the case, the type of work involved, rates for non-CDA lawyers of comparable skill in the relevant community, whether the legal work was performed by lawyers at the appropriate levels of seniority, or other relevant factors. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 978–82 (9th Cir. 2009); *see also Roberts*, 938 F.3d at 1025 ("[W]e remand specifically for the district court to apply the correct legal standard by determining the prevailing hourly rate in the District of Hawaii for comparable work performed by attorneys of similar 'skill, experience and reputation.'" (quoting *Camacho*, 523 F.3d 973 at 980–81)).

It may be that the district court here considered the above factors and thus the hourly rates the district court applied were appropriate. But we cannot make that determination on the current record. Accordingly, the district court's fee award is vacated and the case is remanded for review consistent with this memorandum.[1]

**VACATED and REMANDED.**

---

[1] SMB and Row filed a motion to take judicial notice on February 16, 2021 (ECF No. 21). Whitaker filed a motion to take judicial notice on April 7, 2021 (ECF No. 30). Because both motions ask us to take notice of publicly available cases, we **GRANT** both motions.