NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: TEA STATION INVESTMENT, INC.; et al.,

        Debtors,

------------------------------

TEA STATION INVESTMENT, INC.; et al.,

        Appellants,

  v.

ZHOU BAODI,

        Appellee.

No. 22-60051

BAP No. 22-1031

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Gan, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted December 14, 2023
Pasadena, California

Before: TASHIMA, WALLACH,[**] and CHRISTEN, Circuit Judges.
Dissent by Judge TASHIMA.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Appellants appeal from a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order awarding attorney's fees to Appellee. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

We review decisions of the BAP de novo. *In re Bennett*, 298 F.3d 1059, 1063 (9th Cir. 2002). "The bankruptcy court's attorneys' fee determination will only be reversed if the court abused its discretion or erroneously applied the law." *Id.* Under that standard, we "affirm unless the [bankruptcy] court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019) (citation omitted).

Under California law, a prevailing plaintiff in an action for unpaid minimum wages or overtime compensation may recover reasonable attorney's fees. Cal. Lab. Code § 1194(a); *see also Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160, 1164 (Cal. 2012). The parties agree that Appellee prevailed on her individual claims but did not prevail on her class action claims. They also agree that *Hensley v. Eckerhart*, 461 U.S. 424 (1983) provides the proper framework for determining reasonable attorney's fees under § 1194(a). *See, e.g.*, *Gunther v. Alaska Airlines, Inc.*, 287 Cal. Rptr. 3d 229, 251-52 (Ct. App. 2021) (applying *Hensley* to

"determin[e] the amount of a prevailing party's attorney fees" for a wage statement claim under Cal. Lab. Code § 226).

Under *Hensley*, a court begins by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate" to determine a lodestar. *Hensley*, 461 U.S. at 433. Where "a plaintiff prevails on only some of his claims for relief or achieves 'limited success,'" a court next proceeds to *Hensley*'s two-pronged approach. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc) (citation omitted). "[F]irst, the court must deduct from the lodestar hours spent exclusively on unrelated unsuccessful claims . . . ." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 224 (9th Cir. 2013).[1] Second, the court evaluates whether the plaintiff achieved a level of success that makes the remaining hours "a satisfactory basis for making [the] fee award." *See Hensley*, 461 U.S. at 434; *Muniz*, 738 F.3d at 224. The Supreme Court has emphasized that "[t]here is no precise rule or formula for these determinations" and that "[t]he court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37.

---

[1] Generally, claims are related if they "involve a common core of facts *or* are based on related legal theories." *Ibrahim*, 912 F.3d at 1172 (citation omitted); *see also Harman v. City & County of San Francisco*, 69 Cal Rptr. 3d 750, 765 (Ct. App. 2007).

The bankruptcy court conducted the proper *Hensley* analysis, and its conclusions were not illogical, implausible, or without support in the record. It began by considering whether the total fees sought by Appellee for her individual claims were properly documented, non-duplicative, and the product of reasonable hourly billing rates. This adequately took account of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433.

Recognizing that Appellee had prevailed on only some of her claims, the bankruptcy court next proceeded to *Hensley*'s two-pronged approach. On the first prong, the bankruptcy court examined the record as a whole and concluded that "a significant portion of the factual and legal issues relevant to Ms. Zhou's individual claim [were] also relevant to, and intertwined with, her putative class claim," such that the individual and class claims were "closely intertwined factually and legally." It provided several examples of common issues, including Appellants' written policies and policies in practice. Thus, the bankruptcy court found that the individual and class claims were related within the meaning of *Hensley*.

As to the second prong, the bankruptcy court concluded that although Appellee's individual and class claims were related, Appellee's limited success warranted a substantial reduction in fees. It therefore reduced Appellee's requested fees by 75%. This analysis correctly "focus[ed] on the significance of

4

the overall relief obtained by the plaintiff" and "reduce[d] the award to account for the limited success." *Id.* at 435-37; *see also Chavez v. City of Los Angeles*, 224 P.3d 41, 54 (Cal. 2010) ("Although fees are not reduced when a plaintiff prevails on only one of several factually related and closely intertwined claims, 'under state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success.'" (citations omitted)).[2]

The bankruptcy court correctly applied the law and its findings were not illogical, implausible, or without support in the record.

**AFFIRMED.**

---

[2] The dissent posits that *Hensley* does not permit disproportionately large fee awards absent extraordinary or unusual circumstances. To the contrary, there is no rule that limits a plaintiff's fees to some proportion of damages. *Harman*, 69 Cal. Rptr. 3d at 762-63. Instead, a plaintiff is entitled to "recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of her actual recovery." *See Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 293 (Ct. App. 2006). Otherwise, individuals with meritorious claims with relatively small potential damages would find it difficult to obtain legal services. *Id.* (citing *City of Riverside v. Rivera*, 477 U.S. 561, 576-78 (1986)); *see also Cruz v. Fusion Buffet, Inc.*, 271 Cal. Rptr. 3d 269, 285 (Ct. App. 2020) (noting that the fee-shifting provision in § 1194 was "intended to provide a needed disincentive to violation of minimum wage laws" (cleaned up)).

*Tea Station Investment, Inc. v. Zhou Baodi (In re Tea Station Investment, Inc.)*, No 22-60051

TASHIMA, Circuit Judge, dissenting:

We all agree that this case is governed by *Hensley v. Eckerhart*, 461 U.S. 424 (1983). And under *Hensley,* as the majority observes, we must "reduce the lodestar to the extent the party's limited success cannot justify the fees expended." Maj. Dispo. at 10 (citing *Hensley*, 461 U.S. at 436). *Hensley* further emphasizes that "the most critical factor is the degree of success obtained." *Id.* at 436–37. Yet, besides giving lip service to this factor, the majority elides analysis and consideration of this "most critical factor." There certainly is no showing that this is an unusual or extraordinary case.

Here, plaintiff succeeded on her individual wage claim only to the tune of $4, 674.08. Plaintiff did not succeed on her class claims – indeed, no class was certified. It is apparent that virtually all of plaintiff's counsel's time was expended in his unsuccessful attempt to get the putative class certified. The Bankruptcy Court nonetheless awarded plaintiff $168.766.25 in attorney's fees. A simple calculation shows that this fee is more than **36 times** the amount of plaintiff's recovery. Because I cannot agree with the majority's unstated assumption that *Hensley* permits such a disproportionately large award in light of the results achieved, absent extraordinary or unusual circumstances, I dissent from its affirmance of the fee award.