**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIM D. SMITH, | No. 24-174 |
| Appellant, | BAP. No. 23-1050 |
| v. | MEMORANDUM* |
| UST - UNITED STATES TRUSTEE, PHOENIX, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Corbit, and Faris, Bankruptcy Judges, Presiding

Submitted October 24, 2024**
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Appellant Jim D. Smith appeals from a decision of the Bankruptcy Appellate

Panel (BAP) affirming the bankruptcy court's order regarding attorney's fees. We

review decisions of the BAP de novo. *Renwick v. Bennett* (*In re Bennett*), 298

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1059, 1063 (9th Cir. 2002). We will not disturb the bankruptcy court's award of attorney's fees in the absence of an abuse of discretion or an erroneous application of law. *L. Offs. of David A. Boone v. Derham-Burk* (*In re Eliapo*), 468 F.3d 592, 596 (9th Cir. 2006). We "affirm unless the [bankruptcy] court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019) (citation omitted). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.

Smith was appointed the Chapter 7 trustee of the bankruptcy estate of Earle's Custom Wines, Inc. With the bankruptcy court's approval, Smith employed himself as the attorney for the estate under 11 U.S.C. § 327 and subsequently filed an application for attorney's fees.

1.    The bankruptcy court awarded Smith attorney's fees in an amount less than he requested. The court was authorized to award "compensation that is less than the amount of compensation that is requested," 11 U.S.C. § 330(a)(2), and it did not abuse its discretion in doing so. The bankruptcy court fulfilled its obligation to consider "the nature, the extent, and the value of [Smith's] services, taking into account all relevant factors" by conducting a thorough review of the fee application, including holding an evidentiary hearing. *Id.* § 330(a)(3). It properly considered the relevant factors, including "the anticipated return to creditors." *See*

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958–59 (9th Cir. 1991) (explaining that, under 11 U.S.C. § 330, an attorney for the bankruptcy estate must consider the "maximum probable recovery" compared to the "probable cost of legal services"); *see also Leichty v. Neary* (*In re Strand*), 375 F.3d 854, 860 (9th Cir. 2004) (factoring attorney's fees into the consideration of the potential benefit to the estate).

2.      Under § 330, the bankruptcy court may award a professional appointed under § 327, such as Smith, "reasonable compensation for actual, necessary services rendered."  11 U.S.C. § 330(a)(1)(A).  While § 330 provides for "reasonable compensation," when the trustee serves as the attorney for the estate, § 328 prohibits compensation for the "performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . for the estate."  11 U.S.C. § 328(b); *see* 11 U.S.C. § 704(a)(1), (4) (stating that the trustee's duties include "collect[ing] and reduc[ing] to money the property of the estate," and "investigat[ing] the financial affairs of the debtor").  Under § 328, an attorney who serves as counsel for the trustee may be compensated only for tasks that require legal expertise beyond that of an ordinary trustee.  *U.S. Tr. v. Boldt* (*In re Jenkins*), 188 B.R. 416, 420 (B.A.P. 9th Cir. 1995), *aff'd*, 130 F.3d 1335 (9th Cir. 1997); *see Ferrette & Slater v. U.S. Trustee* (*In re Garcia*), 335 B.R. 717, 725 (B.A.P. 9th Cir. 2005) ("Only when unique difficulties

arise may compensation be provided for services which coincide or overlap with the trustee's duties and only to the extent of matters requiring legal expertise." (quoting *U.S. Tr. v. Porter, Wright, Morris & Arthur* (*In re J.W. Knapp*), 930 F.2d 386, 388 (4th Cir. 1991)).

Considering the limitations in § 328, the bankruptcy court did not abuse its discretion in placing the burden on Smith to demonstrate his entitlement to attorney's fees. *See Dalessio v. Pauchon* (*In re Dalessio*), 74 B.R. 721, 724 (B.A.P. 9th Cir. 1987); *see also Roderick v. Levy* (*In re Roderick Timber Co.*)*,* 185 B.R. 601, 606–07 (B.A.P. 9th Cir. 1995) (stating that the trustee has the burden of providing records to distinguish between work of an attorney and work of the trustee)*.* Nor did the bankruptcy court abuse its discretion in declining to award Smith attorney's fees for his performance of services that fell within the scope of a trustee's duties and for which he failed to show legal expertise was required. The evidence in the record, including Smith's own testimony that he could have done "anything" in this case in his capacity as trustee, supports the bankruptcy court's conclusion.

**AFFIRMED.**