**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIM D. SMITH, Attorney, Chapter 7
Trustee,

           Appellant,

  v.

UST - UNITED STATES TRUSTEE,
PHOENIX,

           Appellee.

No. 24-170

BAP No.
23-1048

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Corbit, and Faris, Bankruptcy Judges, Presiding

Submitted October 24, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Appellant Jim D. Smith appeals from a decision of the Bankruptcy Appellate

Panel (BAP) affirming the bankruptcy court's order granting relief under Federal

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 60(b) from its prior order awarding Smith attorney's fees and instead awarding Smith a reduced amount of attorney's fees. We review decisions of the BAP de novo. *Renwick v. Bennett* (*In re Bennett*), 298 F.3d 1059, 1063 (9th Cir. 2002). We review decisions granting relief under Rule 60(b) for an abuse of discretion. *Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020). We will not disturb the bankruptcy court's award of attorney's fees in the absence of an abuse of discretion or an erroneous application of law. *L. Offs. of David A. Boone v. Derham-Burk* (*In re Eliapo*), 468 F.3d 592, 596 (9th Cir. 2006); *see also Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019) (explaining that we affirm a district court's award of attorney's fees unless the court "applied the wrong legal standard or its findings were illogical, implausible, or without support in the record" (citation omitted)). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.

1. Under Rule 60(b)(1), the court may grant relief from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also* Fed. R. Bankr. P. 9024 (making Rule 60 applicable to the Bankruptcy Code). The bankruptcy court did not abuse its discretion by granting relief in the absence of a motion. *See Meyer v. Lenox* (*In re Lenox*), 902 F.2d 737, 740 (9th Cir. 1990) ("Although FRCP 60(b) provides that a court may relieve a party from a final order upon motion, it does not prohibit a bankruptcy judge from reviewing,

sua sponte, a previous order."); *see also Cisneros v. United States* (*In re Cisneros*), 994 F.2d 1462, 1466 n.4 (9th Cir. 1993) (same).

Additionally, the statements that the bankruptcy court made during preliminary hearings and in its orders pertaining to the United States Trustee's objections to Smith's application for trustee's compensation (which argued, among other things, that Smith had improperly billed attorney's fees for tasks that did not require the "special expertise of an attorney") were sufficient to give Smith notice that his attorney's fees were under review. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351–52 (9th Cir. 1999) (holding that a district court can modify the amount of default judgment sua sponte under Rule 60(b), but a due process violation may occur when "the correction [comes] out of the blue, with no notice . . . or opportunity to be heard"). And Smith had an opportunity to be heard on that issue.

Smith's remaining arguments are unsupported, conclusory, and do not meaningfully challenge the bankruptcy court's determination of excusable neglect. *See* Fed. R. App. P. 28(a)(8)(A) (providing that an appellant's brief must include its "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995). Smith has not demonstrated that the bankruptcy court abused its discretion by granting relief from its prior order.

3                                                                                           24-170

2.      The bankruptcy court has "wide discretion in determining reasonable compensation" for counsel.  *Roderick v. Levy* (*In re Roderick Timber Co.*), 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995).  Smith was appointed the Chapter 7 trustee of the bankruptcy estate and employed himself as attorney for the estate under 11 U.S.C. § 327.  Smith then applied for attorney's fees in his role as attorney for the estate.

While § 330 provides that an attorney may be awarded reasonable compensation for necessary services, it authorizes the bankruptcy court to award less compensation than the amount requested.  11 U.S.C. § 330(a)(1)(A), (a)(2); *see also Leichty v. Neary (In re Strand*), 375 F.3d 854, 861 (9th Cir. 2004) (affirming fee reduction).  Additionally, when the trustee serves as the estate's attorney, § 328 prohibits compensation for the "performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . for the estate."  11 U.S.C. § 328(b); *see also U.S. Tr. v. Boldt* (*In re Jenkins*), 188 B.R. 416, 420 (B.A.P. 9th Cir. 1995) ("A trustee may employ professionals only for those tasks that require special expertise beyond that expected of an ordinary trustee."), *aff'd*, 130 F.3d 1335 (9th Cir. 1997).  And Smith owed a fiduciary duty, as trustee and counsel, to maximize the recovery for the estate.  *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1995); *Everett v. Perez* (*In re Perez*), 30 F.3d 1209, 1219 (9th Cir. 1994)

(reminding counsel that "his responsibility is to help lead the estate on a just, speedy, inexpensive and lawful path out of bankruptcy" and that the "[f]ailure to live up to this responsibility may result in a reduction in allowable fees").

The bankruptcy court did not abuse its discretion by awarding Smith less than the full amount of attorney's fees he requested. It recognized and applied the governing provisions of the bankruptcy code, including 11 U.S.C. §§ 330 and 328. It thoroughly reviewed the fee application after considering the parties' pleadings and their arguments at an evidentiary hearing. The court specifically noted Smith's duties as trustee under 11 U.S.C. § 704, the requirements of § 328(b), the "uncontested nature of the actions" related to the recovery of funds for the estate, and Smith's "lack of any proposed distribution to unsecured creditors." The bankruptcy court's fee determination is supported by the record and based on consideration of the appropriate factors including whether Smith "exercise[d] reasonable billing judgment." *In re Strand*, 375 F.3d at 860 (citation omitted); *see also Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958–59 (9th Cir. 1991) (explaining that an attorney for the bankruptcy estate must consider the "maximum probable recovery" compared to the "probable cost of legal services").

The bankruptcy court did not abuse its discretion by granting Rule 60(b) relief or by awarding Smith a reduced amount of attorney's fees.

**AFFIRMED.**